**Werley COLLINS and wife, Lena S. Collins, Appellants,**

**v.**

**Dave THOMAS and wife, Ruth Thomas, Appellees.**

Court of Appeals of Tennessee, Western Section.

Jan. 5, 1973.

Certiorari Denied by Supreme Court April 16, 1973.

J. Kenneth Porter, Porter, Porter & Dunn, Newport, for appellants.

J. William Myers, Myers & Myers, Newport, for appellees.

MATHERNE, Judge.

This boundary line dispute concerns the location of the south line of the defendants' approximately four-tenths (⁴⁄₁₀) of an acre parcel of land.

The record establishes that the old Liberty Hill Road ran adjacent to the north line of the complainants, and adjacent to the south line of a tract owned by N. A. Smith. A new road was constructed in the 1950's and a small portion of the land belonging to N. A. Smith was cut off and left on the south side of the new road. In the year 1961 the complainants caused to be constructed a fence down the middle of the old Liberty Hill Road. In 1963 the defendants purchased from Jim Smith the approximately ⁴⁄₁₀th of an acre lying between the new road and the old Liberty

Hill Road. The defendants have constructed a house on their ⁴⁄₁₀th of an acre, which house the Chancellor found did occupy the north one-half of the old Liberty Hill Road. In 1968 the defendants tore away the fence constructed down the middle of the old Liberty Hill Road and claimed to the south margin of that road. The complainants seek a judicial determination of the boundary between the parties.

The Chancellor, sitting without a jury, held the fence as constructed by the complainants in 1961 was the center of the 14 foot wide old Liberty Hill Road; the boundary between the parties was a line seven (7) feet south of the stakes which marked the course of that fence; the defendants owned the old Liberty Hill Road roadbed; and the defendants were ordered to construct at their expense a fence along the line found by the court to be the boundary between the parties.

The complainants on appeal assign two errors: (1) The Chancellor erred in failing to hold under T.C.A. § 28–201 (seven year statute of limitations) that the complainants owned one-half of the old roadbed which had been under fence for more than seven years; (2) The Chancellor erred in failing to hold under T.C.A. § 64–407 that the defendants' deed from Smith in 1963 was void for champerty.

■ From the course and distance descriptions in the deeds filed in the record; the survey made by the county surveyor; and from the entire record there is ample material evidence to support the Chancellor's location of the boundary as his decree relates. The evidence does not preponderate against the Chancellor's decree that the defendants at their expense build the fence along the line as determined by the Court. We therefore affirm the Chancellor in his location of the common boundary between the parties, and in his order that the defendants build the fence.

■ We differ with the Chancellor wherein he decreed the defendants to be

the owners of the old Liberty Hill Road located within the defendants' south line. We hold the Chancellor exceeded his jurisdiction by so decreeing the ownership of the old roadbed. The Legislature has prescribed a definite procedure for the closing of roads. T.C.A. §§ 54–905 and 54–906 provide:

"54–905. *Changing or closing roads— Application by petition.*—All applications to open, change, or close a road shall be made by written petition, signed by the applicant, to the commissioner of the district through which the road runs or is asked to be located, specifying in particular the changes or action asked; or, if the road extends into two (2) or more districts, or is the dividing line between districts, then to the commissioners of said districts.

"54–906. *Notice to interested parties of action to open or close.*—No road shall be opened, changed, or closed, without giving at least five (5) days' notice to all parties interested of the time said road or roads are to be opened, changed, or closed, and a surveyor or civil engineer may be employed, if necessary, to locate the same. Landowners and those controlling land touched by the proposed highway shall be deemed interested parties."

■ There is no showing in this record that the procedures contemplated by the foregoing statutes have been accomplished. The old Liberty Hill Road may be replaced by the new road, but that fact does not constitute a closing of the old road by the county. Blake v. Skelton (1927) 5 Tenn. App. 539. As stated in the *Blake* case: "There was no attempt to 'close' the old road in the manner prescribed by the above quoted statute, and, in our opinion, it has not been discontinued, vacated or abandoned, and is yet a public road."

We make no ruling as to the rights of the parties in and to the old Liberty Hill Road, but we reverse that part of the Chancellor's decree which vested title to

that old roadbed in the defendants. The fact the statutory procedures for the closing of the old Liberty Hill Road have not been accomplished renders moot the complainants' assignments of error.

A decree will be entered in this Court in accordance with this opinion. The cost of this appeal is adjudged one-half against each party, the cost in the chancery court shall be as there adjudged.

CARNEY, P. J., and NEARN, J., concur.