## Wilson *v.* Acree.

### (*Knoxville.*    October 3, 1896.)

1. DEDICATION.  *Of alley.*

   The laying out of an alley upon a plat or plan and also upon the ground operates as a dedication of it, not only in favor of those who buy from the donor, relying upon the existence of the alley, but also in favor of all who buy in the general plan of the locality.  (*Post, p. 381.*)

   Cases cited and approved: Sims *v.* Chattanooga, 2 Lea, 694; 137 N. Y., 317; 138 N. Y., 184.

2. SAME.  *By user.*

   A public way may be established by evidence of adverse user for a long period of time, without any express dedication, if it is shown that the user is under a claim of right, and not merely permissive, but mere permissive use is not sufficient to establish a dedication.  (*Post, p. 381.*)

   Cases cited and approved: Worth *v.* Dawson, 1 Sneed, 59; Sharp *v.* Mynatt, 1 Lea, 375; 67 Ill., 368.

---

### FROM HAMILTON.

---

Appeal from Chancery Court of Hamilton County.  ·
T. M. McCONNELL, Ch.

EAKIN & DICKEY and W. L. EAKIN for Wilson.

SPURLOCK & LATIMORE for Acree.

WHEELER & McDERMOTT for McReynolds.

WILKES, J.   This is a contest over an alley al-
leged to extend through one-half of a block of lots
in Chattanooga.   There are two causes consolidated
and heard together, one consisting of bill and an-
swer, and the other of original and cross bill and
answers to each.   The question is whether an alley
runs through the block from east to west, or
whether it runs only half way through the block,
or whether there is any alley at all.   It is the in-
sistence of complainants that the alley runs half
way through the block and stops at the rear of
their lots, while the defendants contend that there
is no alley at all, but, if there is one, it extends
through the entire block and through the complain-
ants' property.   The effort of the complainants is
to keep the alley open to a point half way through
the block, and on the part of the defendants to
close it entirely, but, if this may not be done, then
to open it entirely through the block and through
complainants' property.   The Chancellor held that
there was an alley extending half way through the
block, but no farther, and defendants were en-
joined from closing or interfering with it.   The
cross bill of defendants was dismissed, denying them
the right to close the alley or to open it entirely
through the block, and defendants were taxed with
the costs, and have appealed and assigned errors.

The cause has been heard by the Court of Chan-
cery Appeals, and it has affirmed the decree of the
Chancellor, and defendants have appealed to this

Court, and are insisting upon the errors already heard by the Court of Chancery Appeals.

The Court of Chancery Appeals held that there had been a dedication of the alley through the east half of the block, both by conveyances . calling for and abutting on the alley and by user by the public, but there had been no acceptance of the alley by the municipal authorities.

That Court also held that, as to the west half of the block, there was some evidence that a way had been opened for a number of years through this half, but the exact location and width of the way they cannot report for want of proof.

They report also that the evidence fails to show whether the user of this way was merely by permission of adjoining owners or as a way of right, and their conclusion is, that there had been no dedication by conveyances recognizing such way, and no user of the way by the public, in such manner as to make a dedication.

We do not understand that any question is made over the law governing the case, but the gravamen of the contention is that if there is an alley opening through one-half of the block, it should, in order to be of any service to the public, be opened through the entire block, and that the public can have and make no . use of it, stopping, as it does, in the middle of the block, and that it can be of service to only one or two lot owners. The Court of Chancery Appeals finds, however, that the owners of the lots lying at the end of the alley bought

their lots while the alley was open; that the alley is valuable as a way of ingress and egress to their lots, and the closing of the alley would affect the value of the lots, and that they bought these lots with the understanding and agreement that there was an alley extending to the rear of their lots and furnishing an entrance to them. It is clearly the law that persons who buy lots according to plats or plans whereon streets are marked or exist, acquire irrevocable rights to such streets. Elliott on Roads and Streets, page 86, note 2, page 89, note 4, page 91, note 2; *Sims* v. *Chattanooga*, 2 Lea, 694; *Hennessey* v. *Murdock*, 137 N. Y., 317; *Lord* v. *Atkins*, 138 N. Y., 184.

And the dedication operates not only in favor of those who buy from the donor, but also in favor of all who buy in the general plan of the locality where the way and street is located. Elliott on Roads and Streets, pp. 112, 119; *In re Pearl Street*, 111 Penn. St., 565.

It is also held that a public way may be established by evidence of adverse user for a long period of time without any express dedication, if it is shown that the user is under a claim of right and not merely permissive, and mere permissive use is not sufficient to establish a dedication. *Worth* v. *Dawson*, 1 Sneed, 59; *Sharp* v. *Mynatt*, 1 Lea, 375; *Illinois Ins. Co.* v. *Littlefield*, 67 Ill., 368.

Under the facts as found by the Court of Chancery Appeals, we think its conclusions are correct, and its decree is affirmed with costs.