W. H. BYINGTON et al. v. J. A. BASS et al.

Eastern Section. January 18, 1930.

Petition for Certiorari denied by Supreme Court, March 5, 1930.

570

Cantrell, Meacham & Moon, of Chattanooga, for appellant.
Sizer, Chambliss & Sizer, of Chattanooga, for appellee.

PORTRUM, J. The bill in this cause was filed to enjoin the defendant, J. A. Bass, from closing a roadway which had been platted and laid out in a subdivision within or a part of the town of St. Elmo in Hamilton county, and which was adjacent or beneficial as a way of egress and ingress to the complainants who had purchased certain of the lots of the subdivision. It was averred that Byington, the complainant, owned lots 2, 14, 15, 16 in Block 3 and lots 1 and 2 in Block 4, of the Ridgeway Land Company's addition, and that his co-complainants owned certain other lots in the division. It is further averred that Bass and wife owned certain lots in Block 2, as shown upon the plat, and also an irregular lot at the intersection of Ridgeway avenue and Cherokee avenue. Bass says he purchased his property on the strength of the plat of the Ridgeway Land Company's addition, which was registered in the Register's office of Hamilton county, and upon the strength of the fact that the streets or roadways were designated as such and especially Ridgeway avenue was the most direct and convenient way to reach his property.

It is further alleged that the defendant Bass had petitioned the County Court to close Ridgeway avenue from Tennessee avenue to Cherokee avenue, and that the County Court had passed a resolution closing this road without notice. This action was alleged to be a void action, first, because the authority to close public roads was by act vested in the Hamilton County Road Commission and not in the court, and, second, said roadway or street was in fact not a public road or street.

The complainants claim a vested interest in the said roadway as an easement appurtenant to their property, and deny the right of the defendant, who had purchased the unsold remainder of the subdivision from the original holders and who was attempting to re-

claim the land over which the roadway was designated, to redivide and sell it.

The defendant, Bass, answering the bill, admitted that he had purchased the unsold lots, and had acquired the interest of the Ridgeway Land Company in the subdivision, but denied that the complainants had any vested interest in Ridgeway avenue as a roadway and a right to an injunction to restrain him from closing the proposed roadway and redividing his property so as to include the ground over which the road or avenue was laid out. He averred that the grade would be too steep for safety and too steep to be practical, and at the time the ground was originally laid off only a few plough furrows were run along the avenue to mark off an imaginery roadway, and while the same was never encroached upon, yet it had never been used as a roadway for the reason that it was impractical to grade and open it for a roadway. It was admitted that an application had been made to the County Court to close the roadway but it is now said that it was unnecessary to take this step for the reason that the roadway never had been accepted as a public road or street by any authority.

He further avers that the opening of the roadway would require fills of more than four feet in some places to take care of the inundation of the ground and the road, when graded, would be a grade of seventeen and 61/100 per cent, which would be impractical. He further says that he owns lot thirty-eight at the intersection of Ridgeway and Cherokee avenues, and that he is willing to donate sufficient ground to widen the turning point at this place and sufficient dirt to make a fill in the manner shown on the plat filed as an exhibit. The purpose of this donation is to correct a defect at the intersection of the main road and one of the roads platted in the subdivision which is used by the complainants in order to make unnecessary the road he is attempting to close and to remove the criticism that the road he insists they use is as difficult as the one he is attempting to close. It is admitted that Ridgeway avenue is a straight and the most direct way of ingress and egress for the complainants but it is further said to open same would greatly damage defendant because of the grading and cuts made necessary and that it would be of no benefit to the complainants and for this reason it is claimed the complainants have no right to interpose an objection or to declare and set up an interest in the closing of the roadway.

Proof was taken upon the issues and the case was heard by the Chancellor, who was of the opinion that the complainants had an easement over Ridgeway avenue, and that it was the most direct way of ingress and egress for the complainants; that this roadway was laid out principally for their benefit, since it did not benefit the lots owned by the defendant in a practical way, as is shown by the

fact that the defendant has attempted to close it and include the ground in a replatting of his lots, some of which he has alienated. The Chancellor was of the opinion that the road in question "is of substantial value to complainants and they ought to be protected in their rights to it." He decreed accordingly, granting an injunction restraining the defendant from thereafter closing the roadway. The defendants have appealed to this court and, by their assignments of error, raised two questions: Have the complainants an interest, or easement, in the roadway, by reason of the platting and registration of the same, which they are entitled to protect? And: If they have such an interest, is it of such dignity or value that a court of equity will use its injunctive powers to protect?

The defendants relied upon the case of State v. Hamilton, 109 Tenn., 284, 70 S. W., 619, as authority for their position upon the first question, i. e., that the complainants have no easement or vested right in the particular roadway because it is insisted the property in question does not abut upon the roadway, and the complainants have another roadway which is laid out upon the plat, which is as convenient and more useable than the one in question, especially in view of the fact that the defendants are willing to donate sufficient ground and dirt to make the approach at its intersection broader and more accessible. If the case, State v. Hamilton, supra, were authority for the position that a landowner is only entitled to one roadway of egress and ingress, then the defendants could confine the issue to the single question of which of the two roadways was the most practical. But upon an examination of this case it is found that it is not authority for such a position; it is authority for the position that the complainants are not entitled to all the roadways or streets designated upon the plat, but it does not confine the rights of the complainants to one roadway only.

"When land is sold by reference to a plan upon which several streets and avenues are laid out, the grantee does not necessarily acquire an easement in all such plats or ways. He acquires an easement in the street or way upon which his lot is situated and *in such other street or ways as are necessary or convenient to enable him to reach a highway."* (Italics supplied.) State v. Hamilton, 109 Tenn., 284, 70 S. W., 619.

The principle applicable here is stated in another case, to-wit:

"It is clearly the law that persons who buy lots according to plats or plans whereon streets or mart exist, acquire irrevocable rights to such streets." Wilson v. Acree, 97 Tenn., 381, 37 S. W., 90.

The general public enjoy no such "irrevocable rights" and the destruction of these rights is a special injury not common to the public generally. In fact, the streets not being public, the public has no interest making it necessary to draw a distinction between the rights of the public and the individual. Goetz v. Power & Light

Company, 154 Tenn., 545, 290 S. W., 409. This answers the criticism that the complainants have failed to show a special interest in the subject-matter and, therefore, are not entitled to question the acts of defendants in closing the street.

We are of the opinion that the complainants have an easement in Ridgeway avenue which they can protect and the fact that they could use another street will not interfere with this right so long as Ridgeway avenue is necessary or convenient for their use. And we are also of the opinion, and concur with the holding of the Chancellor, that the complainants have a substantial value in Ridgeway avenue to protect. As pointed out by the Chancellor, several of the streets in Chattanooga have a grade equal to the grade of Ridgeway avenue, and it is the most direct street for the complainants' use and, as said by the Chancellor, it was laid out especially for the complainants' lots, for the reason that the lots through which the street ran were not materially benefited thereby, as is evidenced by the attempt to close the street, and he concludes, had not the original owners laid out the street for the benefit of the higher lots there would have been no street designated at this place. The defendants cannot be heard to complain because they purchased the lots with full knowledge and the fact that they may be benefited to the extent of about $3500 in the increased value of the land by including the roadway within the lots cannot be urged as a reason for denying to the complainants their vested interest in their property which they had acquired prior to the acquisition of the defendants of their property.

We think the complainants' rights are sufficient to set in motion the injunctive powers of a court of equity and are not so insignificant as to repel them and leave them only their remedy at law. The fact that the street has not been used in the past may indicate that its value is small. However, it is shown that the subdivision is a part of the town of St. Elmo, and in a growing community streets are becoming more useful and the opening of new streets or the improvement of designated streets more necessary both to the growth of the community and to the increase in value of property within or adjacent to the streets. The fact that to open a street and grade it in a practical way may damage the property of the defendants cannot be considered upon the question of the denial of the complainants their rights to the street.

We concur in the facts as found by the Chancellor, which are supported by the law. His judgment is affirmed, at the cost of the appellees.

Snodgrass and Thompson, JJ., concur.