Current *et al. v.* Stevenson *et al.*

(*Nashville,* December Term, 1937.)

Opinion filed May 27, 1938.

JOHN S. DANIEL, of Clarksville, for complainant J. E. Current.

JAMES C. CUNNINGHAM, of Clarksville, for defendants Nancy Stevenson *et al.*

MR. JUSTICE McKINNEY delivered the opinion of the Court.

By the bill complainants ask that the defendants be enjoined from obstructing a road, by gates or otherwise, across the southern end of their farm, which is the only outlet they (complainants) have from their adjoining farm to the main highway.

The chancellor found that complainants and their predecessors had acquired a prescriptive right to said highway, but held that the defendants had the right to construct gates where said road entered and passed out of their land. The Court of Appeals also found that complainants had acquired a prescriptive right in said road, but, following our recent decision in *Melton* v. *Donnell,* 173 Tenn., 19, 114 S. W. (2d), 49, held that defendants did not have a right to place gates across the road. In the case just referred to it was stipulated or agreed that the owners of the dominant estate had acquired a right to the use of said road by prescription. In the cause under consideration we are of the opinion that the evidence does not support this finding in the sense of a continuous adverse user by complainants and their predecessors in title, as defined in *Blakemore* v. *Matthews,* 154 Tenn., 334, 285 S. W., 567.

The chancellor and the Court of Appeals further concurred in finding that this was a public road, and the

evidence supports this finding. It is not even assigned as error that there is no evidence to support their conclusions; hence we are bound thereby if there is any evidence to support them. In *Melton* v. *Donnell, supra,* the lower courts concurred in finding that the road in question was not a public road.

■ In 29 C. J., 392, it is said:

"The fact of the existence of a public highway may be proved or disproved by any competent evidence, either written or parol. Declarations of the owner of the land over which the road runs, or of the public authorities, tending to show that it is or is not a highway, are admissible as are also acts of the public authorities in working or otherwise recognizing the highway, in allowing a road tax to be worked out on the road in question, or in refusing to assess the land for taxation. Evidence may be given that it is the general understanding in the community that the *locus in quo* is a highway."

In the same book, on page 380, it is further stated: "On the other hand, the fact that the public authorities have worked the road claimed as a highway, while not conclusive of its existence as such, in the absence of a statute to the contrary, tends to show that a highway exists, and in connection with public user for the necessary period may establish a highway by prescription."

In *Elkins* v. *State,* 21 Tenn. (2 Humph.), 543, 544, it is said: "In the absence of evidence to show the establishment of a highway by public authority, it is made out at common law by showing that the public have used and enjoyed it, and their actual occupation of it for a considerable space of time, without interruption, affords a strong presumption of a right to use it, and a much shorter period of possession will suffice to indicate a right in

the public, than to show that a private person has a right to the estate of which he is possessed.''

In *Raht* v. *Southern Ry. Co.*, 50 S. W., 72, 76, the Court of Chancery Appeals upon this question had this to say: ''It is, of course, well settled that dedication may be established by acts *in pais*. No formality is required to complete a dedication. It is not affected by the Statute of Frauds. It may be made either with or without writing, and by any act of the owner, such as the throwing open of his land to the public travel, or by platting it, or selling lots bounded by streets or roads, designated as such, or by an acquiescence in the use of lands for highways, etc. The vital principle of dedication is the intention to dedicate, and it is said that this must be unequivocally manifested, but it may be evidenced by facts and circumstances, such as long user, etc. See the case of *Ellis* v. *Brabson* (decided by this court at its April term, 1897); Ang. & D. Highw., sec. 142. Record evidence of the recognition by the public authorities of the way as a public highway or road is not necessary to complete the dedication, or to make the way a public way. See the case of *Sharp* v. *Mynatt,* 69 Tenn. (1 Lea), 375, where it is said (quoting from *Jackson* v. *State,* 46 Tenn. (6 Cold.), [532], 535) that the way may be shown to be a public way by long user, accompanied by acts showing the user, to have been under a claim of right, such as working the road, keeping it up by the public, repairing it, or removing obstructions. In the case of *Nashville & D. R. R.* v. *State,* 60 Tenn. (1 Baxt.), 55, it was said by Judge McFarland: 'When the right of the public to the road has become fixed by dedication and use, and it is in fact publicly used as a road, is the failure of the county court to perform the duties required of it as to public roads sufficient to de-

feat its character as such, and prevent the public from having the protection which the law gives to public roads? We think not. The county court may thus continue the road, and this would probably dispose of the question; but the mere failure of the court to take action does not show that the road is not a public road, when the right of the public is fixed by dedication, and when it is publicly used.' "

The record shows that as far back as the memory of any living witness goes, or for more than fifty years, this has been considered a public road. It was for many years a part of the Old Mill Road, which ran eastwardly through the lands now owned by defendants, complainants and the Mimms. It was traveled generally by the public and was worked by the county officials. Defendants purchased their tract of land from T. B. Ferguson on May 29, 1923. Ferguson purchased this land in 1878, and always recognized this road as a public highway, and insisted that no one had a right to obstruct it or interfere with its use by the public. For many years this road where it passes through defendant's lands was fenced on both sides. Defendants could have ascertained from Ferguson that this was a public road. The road was quite visible and must have been observed by them. They permitted complainants and their predecessors in title to use said road from 1923 to 1937 without claiming the right to obstruct it with fences or gates.

The fact that the eastern part of said road has been abandoned, or that the road for some years had not been worked or kept up by the public officials, does not deprive complainants of the right to use this road.

The general rule is thus stated in 29 C. J., 547:

"An abutting owner has two distinct kinds of rights

in a highway, a public right which he enjoys in common with all other citizens, and certain private rights which arise from his ownership of property contiguous to the highway, and which are not common to the public generally, and this regardless of whether the fee of the highway is in him or not. These rights are property of which he may not be deprived without his consent, except upon full compensation and by due process of law. They include the easement of access, and of light and air, the right to lateral support, and the right to have the highway kept open as a thoroughfare to the whole community for the purpose of travel."

In *Anderson* v. *Turbeville,* 46 Tenn. (6 Cold.), 150, 157, 158, it is said: "With respect to the closing of a public street, the municipal corporation representing the State, has the power to abandon the public use of it, and be exonerated from obligation to keep it in repair, and otherwise suitable for the public use: Cool. Const. Lim., 522; [*North Pennsylvania R. Co.* v. *Davis*], 26 Pa., 238; [*Clark* v. *Town of Saybrook*], 21 Conn., 313; [*York* v. *Bright*], 23 Tenn. (4 Humph.), [312], 313.

"But the owners of lots bordering upon a public street, have an easement of way in the street, in addition to the use of it in common with the people generally. This additional right of way, is private property, within the protection of the law, as much as if it were corporeal property, and cannot be taken for public use without compensation. Like any other property, it may be taken for public use, upon compensation."

*State* v. *Taylor,* 107 Tenn., 455, 467, 64 S. W., 766, is to the same effect.

From *Burkitt* v. *Battle,* 59 S. W., 429, we quote the sec-

ond syllabus from the opinion of the Court of Chancery Appeals, as follows (page 430):

"Where the right of the public in a road had become fixed by dedication when complainant bought land adjoining it, and the road remained open and in use for many years thereafter, he acquired the right, as a member of the public and as adjoining owner, to maintain a suit to remove an obstruction."

In *Jackson* v. *Hutton,* 15 Tenn. App., 281, 286, *certiorari* denied by this court, the Court of Appeals said:

"Whatever may have been the legal consequence of the things done by the officers of Marion County with the purpose of discontinuing the old road as a public highway, it is quite apparent that it was their intention to substitute the new highway for the old road and to relieve the County of the obligation to maintain the old road as a public highway; but, assuming that there was an abandonment of the old road as a public highway, it did not, and could not, affect the private right of the complainants, as abutting landowners, to an easement of access to their premises over the old road." (Citing authorities).

Counsel have referred us to no authority holding that where a party has acquired property adjoining a public highway or road which is subsequently abandoned by the county that such adjoining landowner loses the right to the use of the old road.

Counsel for defendants have referred us to section 2956 of the Code, which provides as follows:

"County courts are empowered to permit the erection of gates across public roads of the third and fourth class when, in their judgment, it will be manifestly to the ad-

vantage of the applicant, and not materially to the prejudice of the public.''

We express no opinion as to the right of the county court to permit defendants to erect gates across the involved road since that question is not before us.

For the reasons set forth herein, we concur in the result of the conclusions reached by the Court of Appeals, and therefore deny the writ.