Betty Cummings JACOWAY and Henry McKinney, Individually and as President of the McKinney Company, Plaintiffs–Appellants,

v.

Ernest W. PALMER and wife, Doris J. Palmer, Defendants–Appellees.

Court of Appeals of Tennessee, Western Section, at Knoxville.

Aug. 25, 1987.

Application to Appeal Denied by Supreme Court Feb. 29, 1988.

John W. Beard, Patrick, Beard & Richardson, P.C., Chattanooga, for plaintiffs-appellants.

John M. Higgason, Jr., Reingold, Clements & Schulman, P.C., Chattanooga, for defendants-appellees.

FARMER, Judge.

Plaintiff Jacoway is the owner of Lot 11, plaintiff McKinney the owner of Lots 8 and 9 and defendants Palmers the owners of Lots 5, 6 and 7 in a subdivision known as Lot 6, Old Crabtree Farm. A plat of the subdivision was recorded in 1941 in the Register's Office of Hamilton County, Tennessee, and is attached as an addendum to this Opinion. The plat reveals an easement forty feet in width along the entire eastern portion of the subdivision extending from East Brainerd Road to Friar Road. However, it is undisputed that the eastern most twenty feet of the easement was not owned by the subdivider.

Plaintiffs filed a complaint for declaratory judgment requesting the court to determine their rights to the twenty-foot strip adjacent to the lots owned by plaintiffs and defendants. The court held that the plaintiffs and their predecessors in title have abandoned their claim to the twenty-foot strip in question and that they have no interest in same, and plaintiffs appeal.

The parties entered into a joint stipulation of facts which include the following:

1. Plaintiff Jacoway is the owner of Lot 11 in the Subdivision of Lot 6, Old Crabtree Farm....

2. Plaintiff McKinney is the owner of Lots 8 and 9 in the Subdivision.

3. Defendants are the owner [sic] of Lots 5, 6 and 7 of the Subdivision.

4. The plat of the Subdivision ... was recorded in Plat Book 14, Page 81, on December 3, 1941, in the office of the Register of Hamilton County, Tennessee.... The Subdivision now lies within the corporate limits of the City of Chattanooga.

5. The plat of the Subdivision shows a 20 foot easement or right-of-way along the eastern edge of the Subdivision. The 20 foot easement or right-of-way lies within the original boundaries of Lot 6.

. . . .

10. Defendants' predecessors in interest entered into a Deed of Correction ... conveying the portion of the right-of-way bordering Lots 5, 6 and 7 to Defendants' immediate predecessors in interest....

11. Plaintiffs' predecessors in interest did not enter into the Deed of Correction....

12. Land sales in the Subdivision have generally been by plat reference from and after the recording of the Subdivision plat.

. . . .

14. Defendants are not claiming adverse possession of the right-of-way or easement in question.

15. The easement is not currently used for road purposes, but has not been

fenced or otherwise enclosed or used by Defendants.

■■■■ We believe the law is well established that when land is sold by reference to a plat upon which several streets and avenues are laid out, the grantee acquires an easement in the street or way upon which his lot is situated, and in such other streets or ways as are necessary or convenient to enable him to reach a highway. In every road dedication by plat there are two recipients of rights. Those recipients are the representative governing body and the abutting landowners who purchased on the promise of the plat. The fee does not rest in the governing body. *See State ex rel. Beckham v. Taylor*, 107 Tenn. 455, 64 S.W. 766 (1901). That body has the right to accept the dedication as a public trust and maintain the road. If the public body rejects that dedication, that fact does not affect the fee and remaining rights in the abutting landowner. The fee that is in the abutting landowner is subject to the easement rights of others. If there is a public acceptance of the road, the fee is burdened with the rights of the general public to use the land as a public road until such time as it is closed by public authority. *See State ex rel. Beckham v. Taylor, supra.* If there is not public acceptance there yet remains an easement upon the fee. The easement is a collective private easement. Each landowner who purchases under such a recorded plat is entitled to a private road easement over the lands shown as roads on the plat to their termines with public roads. Such easement is not one of necessity, but is one of convenience for which he and each adjoining owner paid. As stated by our Supreme Court in *State ex rel. Kincaid v. Hamilton*, 109 Tenn. 276, 70 S.W. 619 (1902),

> "When land is sold by reference to a plan upon which several streets and avenues are laid out, the grantee does not necessarily acquire an easement in all such streets or ways. He acquires an easement in the street or way upon which his lot is situated, and in such other streets or ways as are necessary or convenient to enable him to reach a highway."

109 Tenn. at 284, 70 S.W. at 621. Thus, we determine that when plaintiffs' predecessors in title purchased the lots by reference to the plat of the subdivision, they acquired an easement from their lots across the twenty-foot strip adjacent to their lots to East Brainerd Road. Even if there were no acceptance of the dedication by the governing body, there yet remains an easement in the plaintiffs. The question then becomes whether the Chancellor was correct in determining that these plaintiffs have abandoned this easement. As heretofore stated, the Chancellor held that the plaintiffs and their predecessors have abandoned any claim to the easement. Our review of findings of fact by the trial court shall be *de novo* upon the record, accompanied by a presumption of the correctness of the findings, unless the preponderance of the evidence is otherwise. Rule 13(d) T.R.A.P.

It is apparent from reviewing the Chancellor's oral findings that he based his ruling of abandonment on the fact there had been a nonuse for an extended period of time. As stated in *Cottrell v. Daniel*, 30 Tenn.App. 339, 205 S.W.2d 973 (1947):

> "And it has been repeatedly held that a mere nonuser will not amount to abandonment of an easement, but that there must be some positive showing of an intention to abandon. Boyd v. Hunt, 102 Tenn. 495, 52 S.W. 131."

30 Tenn.App. at 344, 205 S.W.2d at 975.

■■■■ Mere nonuser, however long continued, affords no sufficient evidence of abandonment of an easement created by express grant. *Edminston Corp. v. Carpenter*, 540 S.W.2d 260 (Tenn.App.1976).

The authority given for the ruling that continued nonuse is evidence of an intent to abandon is *Rogers v. City of Knoxville*, 40 Tenn.App. 170, 289 S.W.2d 868 (1955). That case dealt with the question of whether a public service corporation, which had appropriated land and constructed transmission lines upon the land, had abandoned it. *Rogers* states:

> The generally accepted rule is that *where a right of way is condemned* it reverts upon nonuser to the owner of the

fee, *Brady v. Correll,* 20 Tenn.App. 224, 97 S.W.2d 448, and that long continued nonuser is evidence of an intention to abandon. 30 C.J.S., Eminent Domain, § 458, p. 218. The rule is based on the fundamental principle that, in the taking, there is implied a condition that the land will be devoted to a public use and where it is not being so used for an unreasonably long period of time there may be a presumption of abandonment, Ib. and the burden is cast upon the condemner to disprove an intention to abandon.

40 Tenn.App. 180, 289 S.W.2d at 873. Thus we see a distinction between *Rogers,* where the city had condemned the property for a utility easement and sought to show that the condemned property had not been abandoned, and the case at bar, where the easement results from a conveyance in fee referring to a subdivision plat which included an easement.

■ *Knierim v. Leatherwood,* 542 S.W. 2d 806 (Tenn.1976) concerned an action instituted by adjoining and abutting property owners and others seeking an injunction restraining obstruction of a roadway and a declaration of its existence as a public right-of-way. As stated therein:

> An abutting owner has a greater interest than the general public, *Thornton v. Connelly,* 15 Tenn.App. 436 (1932) and has an easement of access over the road to his premises, even after a public road is abandoned, *Jackson v. Hutton,* 15 Tenn.App. 281 (1932).

> In *Current, et al., v. Stevenson, et al.,* 173 Tenn. 250, 116 S.W.2d 1026 (1938), this Court, speaking through the late Justice McKinney, quoted with approval from 29 C.J., 547 as follows:

> An abutting owner has two distinct kinds of rights in a highway, a public right which he enjoys in common with all other citizens, and certain private rights which arise from his ownership of property contiguous to the highway, and which are not common to the public generally, and this regardless of whether the fee of the highway is in him or not.... They include the ease-

ment of access.... 173 Tenn. at 254–55, 116 S.W.2d at 1028.

> Again quoting from an earlier Tennessee case, the *Current* Court declared:

> But the owners of lots bordering upon a public street, have an easement of way in the street, in addition to the use of it in common with the people generally. This additional right of way, is private property.... 173 Tenn. at 255, 116 S.W.2d at 1028.

> Moreover, our courts have long held that "persons who buy lots according to plats or plans whereon streets are marked or exist acquire irrevocable rights to such streets." *Wilson v. Acree,* 97 Tenn. 378, 381, 37 S.W. 90, 91 (1896). See also *Bunns v. Walkem Development Co.,* 53 Tenn.App. 680, 385 S.W.2d 917 (1964), and *Moore v. Queener,* 62 Tenn.App. 490, 464 S.W.2d 296 (1970).

> But his easement is limited to the street or way upon which his lot is situated and in such other streets or ways as are necessary or convenient to his ingress or egress. *State v. Hamilton,* 109 Tenn. 276, 70 S.W. 619 (1902). See also *Byington v. Bass,* 11 Tenn.App. 569 (1930).

(footnote omitted)

*Id.* at 810, 811.

> Generally, where property sold is described in the conveyance with reference to a plat or map on which streets, alleys, parks, and other open areas are shown, an easement therein is created in favor of the grantee. Such an easement is deemed a part of the property to which the grantee is entitled and of which he cannot be divested except by due process of law. It exists entirely independent of the fact of dedication to a public use. It is not rendered nugatory by the fact that the map or plat is not properly made or recorded for purposes of dedication; nor is it destroyed by the mere failure of the public authorities to accept the streets or ways or by an abandonment of them.

(footnotes omitted)

25 Am.Jur.2d, *Easements and Licenses,* § 26. It is clearly the law that persons

who buy lots according to plats or plans whereon streets are marked or exist, acquire irrevocable rights to such streets. *Wilson v. Acree*, 97 Tenn. 378, 381, 37 S.W. 90, 91 (1896).

 We conclude, based on the above authorities, that plaintiffs, through their predecessors in title, acquired an irrevocable easement across the twenty-foot strip from their lots to East Brainerd Road. Furthermore, the burden of proving abandonment is upon the party asserting it. The abandonment must be established by a clear and unequivocal evidence of decisive and conclusive acts. A mere nonuser will not amount to abandonment of an easement, but there must be some positive showing of an intention to abandon. Time is not an essential element of abandonment, and is of no importance except as indicative of intention. *Cottrell v. Daniel, supra.* Our review of this record convinces us that the preponderance of evidence does not support the finding of the Chancellor that plaintiffs have abandoned their rights to the easement.

 Appellees raise as an issue that the Chancellor erred in allowing the case to proceed without requiring the plaintiffs to be present in court. The record discloses that the son of plaintiff Jacoway appeared at trial and, of course, plaintiffs were represented by counsel. Appellees have cited no authority that requires the presence of the named plaintiffs at trial other than Rule 17.01 T.R.C.P., Real Party in Interest. This Rule concerns the right of a party to bring an action rather than the requirement of that party to appear in court. Furthermore, counsel for appellants and the court assured counsel for the appellees that the parties would be made available if their attorney desired to question them, and he deemed this would not be necessary. This issue is without merit.

It results that the judgment of the trial court is reversed and we hold that the plaintiffs have a right-of-way easement from their respective lots across the twenty-foot strip to East Brainerd Road. This cause is remanded to the trial court for any further necessary proceedings consistent with this Opinion. The costs are taxed to appellees for which execution may issue if necessary.

TOMLIN, P.J., W.S. and CRAWFORD, J., concur.

SUBDIVISION,
OF LOT 6 OLD CRABTREE FARM
SCALE 1"=100' CHATTANOOGA, TENN.
PLAT ROHG 7 27 JAN 21, 1941

For J. M. Dockery Co. A. Tannis, Reg. Eng.

FILED FOR REGISTRATION Dec. 3, 1941 at 24%m