47 F.3d 1170
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John E. SULLIVAN and A. Corinne Sullivan, Plaintiffs-Appellants,
v.
CITY OF MEMPHIS, Defendant-Appellee.
 No. 93-6471.
 United States Court of Appeals, Sixth Circuit.
 Jan. 6, 1995.
 
 Before: MARTIN, GUY and NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Claiming that the City's grant of a church's request to close a portion of a dedicated street violated their First, Fifth and Fourteenth Amendment rights, John and Corrine Sullivan appeal the district court's bench judgment dismissing their 42 U.S.C. Secs. 1983 and 1988 claims. For the following reasons, we affirm the district court's decision.
 
 
 2
 The parties have stipulated to most of the facts in this case. On November 23, 1988, the Idlewild Presbyterian Church applied to the City of Memphis to close a portion of South Evergreen Street. The portion at issue is the stretch of South Evergreen Street located between Union Avenue and Monroe Avenue. South Evergreen is a minor local street (40' wide) that connects with Union Avenue, a six-lane highway (80' wide, a/k/a Highways 64, 70, 79) and Madison Avenue (80' wide). Below is an accurate depiction of the area involved in this lawsuit:
 
 
 3
 NOTE: OPINION CONTAINS TABLE OR OTHER DATA THAT IS NOT VIEWABLE
 
 
 4
 The streets and lots depicted above are located in a subdivision and are referenced on a plat recorded in 1913. Also in 1913, the City accepted dedication of South Evergreen; the developer, however, did not convey a fee simple interest to the City, as is the usual practice today. The Sullivans own the lot at the northwest corner of the intersection of Monroe Avenue and South Evergreen Street. Idlewild owns property on both sides of South Evergreen Street adjacent to the portion scheduled for closure. The church's parking lot is located on the parcel to the west of South Evergreen, and the church's buildings on the parcel to the east.
 
 
 5
 In 1988, Idlewild asked the City to close the above-designated segment of South Evergreen Street because it wanted its parking lot and church buildings to be contiguous. Idlewild represented to the City that it wanted closure in order to "expand the education and recreational facilities ... [and] scope of services to the community." Idlewild also represented that its facilities and programs, such as Al-Anon, youth and adult basketball, and the civic meetings held there, serve 3,000 participants annually, half of whom are not Idlewild members.
 
 
 6
 In January 1989, the City's Land Use and Control Board reviewed and rejected Idlewild's application. Idlewild appealed to the City of Memphis Council to review the matter. On December 12, 1989, the Council heard testimony from Idlewild representatives and other individuals supporting closure as well as individuals, such as the Sullivans, who opposed closure. The parties agree that the City has the power to abandon its public easement over the street and close it if "conducive to the public welfare." The Council unanimously approved the closure of the segment of South Evergreen "for public use." The City also resolved to give the closed segment to Idlewild, by quitclaim deed, contingent upon Idlewild constructing curbs and sidewalks over the closed area. Although the resolution states that the City owns the portion of South Evergreen Street designated for closure, the parties later agreed that the City does not own a transferrable property interest in South Evergreen Street. The City has also admitted that the Sullivans, as owners of a lot sold by reference to a recorded plat, own an easement over South Evergreen. The City disputes, however, the nature and scope of the easement. The City argues that the Sullivans have only a reasonable easement to reach a main city thoroughfare or an easement extending to the next intersection. The Sullivans claim that their easement is an irrevocable easement of convenience and necessity in the entire length of South Evergreen Street.
 
 
 7
 On December 14, 1989, the Sullivans filed a complaint against the City in district court for declaratory and injunctive relief (but not compensation) under 42 U.S.C. Secs. 1983 and 1988. In their complaint, the Sullivans asserted that the City violated the Fifth and Fourteenth Amendments by taking their private property (their easement) for a private use and violated the Establishment Clause of the First Amendment by "transferring" their property to a church for its exclusive use and benefit.
 
 
 8
 On November 2, 1993, after trial on a stipulated record, the district court issued an order denying the Sullivans' request for an injunction and dismissing the action. Without discussing the scope of any easement that the Sullivans may have in South Evergreen, the district court found, as admitted by the City, that the Sullivans own a private easement in the segment of South Evergreen to be closed. Jacoway v. Palmer, 753 S.W.2d 675 (Tenn.Ct.App.1987). The district court assumed, for trial, that the City had impaired the Sullivans' easement by permitting Idlewild to install curbs across South Evergreen. However, because the Sullivans were not seeking compensation, the court reasoned that the thrust of the Sullivans' complaint was whether the City had a sufficient public purpose for allowing the closure. The district court then held that the City had a public purpose for closing the street. The court found that, even though the resolution stated that the closure was for an unspecified "public purpose," the record showed that the City closed the segment of South Evergreen for a public purpose--public safety and expansion of community-oriented programs. Because the City may close a street for a public purpose, the court refused to issue injunctive or declaratory relief.
 
 
 9
 As to the First Amendment issues, the district court stated that the Sullivans misperceived the legal issue by focusing on the fact that Idlewild received a "benefit" rather than on the nature of the benefit received. Roemer v. Board of Public Works, 426 U.S. 736, 745-48 (1976). The district court then analyzed the benefit received by Idlewild, the ability to occupy land over which the Sullivans have an easement, under Lemon v. Kurtzman, 403 U.S. 602 (1971) and found that the City did not violate the Establishment Clause by closing the street. The court also reasoned that even under Justice O'Connor's "endorsement test" or Justice Kennedy's "coercion test," the City's action would be constitutional because the resolution does not endorse religion or Presbyterianism nor does the street closure proselytize or coerce adherence to Presbyterianism or religion in general.
 
 
 10
 Because this appeal comes to us after a bench trial on a stipulated record, and the issues on appeal concern the district court's determinations of questions of law, we review the district court's decision de novo, In re Edward M. Johnson & Assocs., 845 F.2d 1395, 1398 (6th Cir.1988), including its determinations regarding state law. Salve Regina College v. Russell, 499 U.S. 225, 231 (1991). Further, we must affirm the decision of the district court if it is correct for any reason. Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir.1985) (citing J.E. Riley Investment Co. v. Commissioner, 311 U.S. 55, 59 (1940)).
 
 
 11
 Whether the Sullivans' constitutional rights have been violated depends upon whether they enjoyed a property interest that will be impaired by the closure. The Fifth Amendment and Fourteenth Amendments are not violated if the City has not impaired a property right of the Sullivans. The problem we face is whether, under Tennessee law, there are any limitations on the private easement the Sullivans may own over South Evergreen. We turn, therefore, to Tennessee law to ascertain the nature of the Sullivans' easement.
 
 
 12
 In Tennessee, landowners purchasing property under a recorded plat enjoy a private easement over the streets laid out in the plat. Wilson v. Acree, 37 S.W. 90, 91 (Tenn.1896). This private easement, though, is not without limitation. In State v. Hamilton, the Tennessee Supreme Court stated:
 
 
 13
 When land is sold by reference to a plan upon which several streets and avenues are laid out, the grantee does not necessarily acquire an easement in all such streets or ways. He acquires an easement in the street or way upon which his lot is situated, and in such other streets or ways as are necessary or convenient to enable him to reach a highway.
 
 
 14
 70 S.W. 619, 621 (Tenn.1902).
 
 
 15
 In Knierim v. Leatherwood, the Tennessee Supreme Court stated "our courts have long held that 'persons who buy lots according to plats or plans whereon streets are marked or exist acquire irrevocable rights to such streets.' " 542 S.W.2d 806, 810 (1976) (citations omitted). However, the court in Knierim also noted a limitation on such easement rights:
 
 
 16
 [The] easement is limited to the street or way upon which his lot is situated and in such other streets or ways as are necessary or convenient to his ingress or egress.
 
 
 17
 Id. at 810 (citing State v. Hamilton, 70 S.W. 619 (Tenn.1902)).
 
 
 18
 More recently, the Tennessee Court of Appeals followed Knierim, and other Tennessee precedent, in deciding Jacoway v. Palmer, 753 S.W.2d 675, 677 (Tenn.App.1987), application to appeal denied, (Tenn.1988). In Jacoway, the court held that subdivision lot owners had an easement of necessity and convenience over a twenty-foot wide strip of land adjacent to their lots to a certain East Brainerd Road to the south. "The plat reveals an easement ... along the entire eastern portion of the subdivision extending from East Brainerd Road to Friar Road." Jacoway, 753 S.W.2d at 676. The court, however, did not hold that the plaintiffs' easement extended northward over the right-of-way to Friar Road. The court of appeals also recognized that the easement was limited "to the street or way upon which his lot is situated and in such other streets or ways as are necessary or convenient to his ingress or egress." Id. (citing State v. Hamilton, 70 S.W. at 621).
 
 
 19
 In reviewing Tennessee case law on this issue, we find that the scope of the easement of convenience and necessity is not entirely clear. Tennessee law does not give the Sullivans an easement over every street in the subdivision over which it would be convenient for them to travel. Tennessee recognizes that they have an easement over the street upon which their lot is located, but does not give us guidance as to whether the Sullivans have an easement over the entire street. In Jacoway, the court of appeals held that the lot owners had an easement over a platted right-of-way to one public way (East Brainerd Road) but did not mention the other public way (Friar Road).
 
 
 20
 We believe that Tennessee law gives the Sullivans an easement allowing them ingress and egress to their property. The Sullivans' easement also gives them the right to use such streets as are necessary for them to reach a highway. As for their right to use such streets as are convenient for them to reach a highway, we believe Tennessee law does not give them an easement over every street in the subdivision, or every portion of every street, that would make it convenient for them reach a public highway. We believe the cases show that the easement must give them a reasonable opportunity to reach a public way.
 
 
 21
 Therefore, as shown in the diagram above and as agreed by the parties, the Sullivans would have two avenues of ingress and egress from their property--the northern part of South Evergreen to Madison and Monroe Avenue Avenue to South Belvedere--should the fee owner of the disputed portion of South Evergreen (apparently Idlewild) choose to obstruct the street. The Sullivans' easement provides them with ingress and egress from their property, and gives them a reasonable opportunity to reach a public way. We believe, therefore, that under Tennessee law, the Sullivans' easement rights do not extend to the portion of South Evergreen in question and would not be impaired if the fee owner utilizes the property under this portion of South Evergreen.
 
 
 22
 Because we have determined that the scope of the Sullivans' easement does not extend to the disputed portion of South Evergreen, the Sullivans do not have standing to contest any regulation passed by the City affecting the fee owner (again, apparently Idlewild, though the fee ownership issue was not determined below). Therefore, the legality of that part of the City's resolution requiring Idlewild to build curbs, gutters and a sidewalk in exchange for a quitclaim deed is not properly before this Court. Further, our resolution of the scope of the easement makes it unnecessary for us to address the First Amendment issue.
 
 
 23
 Based on the foregoing, we affirm the judgment of the district court.