IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 8, 2000 Session

## SECOND CHANCE FARMS, INC. v. PERRY COUNTY, TENNESSEE

Appeal from the Chancery Court for Perry County
No. 3950    Russ Heldman, Chancellor

No. M2000-00513-COA-R3-CV - Filed March 7, 2001

This case is before this Court on appeal from the Chancery Court for Perry County wherein cross-motions for summary judgment were filed. The Defendant's motion for summary judgment was granted. The trial court concluded that there were no genuine issues of material fact such that Defendant was entitled to summary judgment as a matter of law on its counter-claim against Plaintiff finding that Daniel's Landing Road is a public road. The standard of review is clear, we review the decision of the trial court *de novo* with no presumption of correctness on appeal. The issue on appeal is whether Daniel's Landing Road is a public road and, if so, whether it remains a public road absent abandonment or closing pursuant to Tennessee Code Annotated Sections 54-10-201, *et seq.* We conclude that Daniel's Landing Road is a public road and affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S., and HOLLY K. LILLARD, J., joined.

James D. Kay, Jr. and John B. Enkema, Nashville, Tennessee, for the appellant, Second Chance Farms, Inc.

Tommy E. Doyle, Linden, Tennessee, for the appellee, Perry County, Tennessee.

OPINION

This lawsuit involves a road called Daniel's Landing Road located in Perry County. Daniel's Landing Road differs now from what it once was. What is at issue in this case is the portion remaining of Daniel's Landing Road connecting Crooked Creek Road with the Tennessee River. This area was flooded in the early 1940's. The distance of Daniel's Landing Road at the time this lawsuit was filed was approximately 100 feet.

We must first examine what Daniel's Landing Road was prior to the 1940's. As disclosed by the evidence in this case, particularly the T.V.A. Land Acquisition Map No. 10N189 prepared in

1939, pertinent portions of which are attached hereto as Exhibit A, the Tennessee River flows south to north marking the boundary between Benton County and the portion of Perry County at issue in this lawsuit. At the time the map was prepared, Crooked Creek Road lay several hundred yards to the east of and parallel with the Tennessee River.

The record shows that Daniel's Landing Road, as indicated on the map, was a 30 foot wide roadway leading directly west from its junction with Crooked Creek Road to Daniel's Landing. It is undisputed that Daniel's Landing Road connected Crooked Creek Road to Daniel's Landing, which was a commercial landing on the Tennessee River.

The T.V.A. Land Acquisition Map reveals that about midway between Crooked Creek Road on the east and Daniel's Landing on the west appears Daniel's Landing Road, a "30' Co. Road." The map reveals that further westward along the road are the entries "store & post office," "grist mill," and "warehouse." The T.V.A. Land Acquisition Map, drawn in 1939, clearly corroborates the undisputed testimony of the witnesses Spencer and Cotham as to the existence of Daniel's Landing Road prior to the flooding by T.V.A. and its regular use by the public and maintenance by the Perry County Highway Department.

On October 2, 1998, Plaintiff purchased approximately 600 acres from Rex Dabbs. The property purchased in the transaction included Daniel's Landing Road. After Plaintiff purchased the property, the entrance from Crooked Creek Road to Daniel's Landing Road was blocked by Plaintiffs. The county took action to prohibit Plaintiff from closing the road.

On April 7, 1999, Plaintiff filed a complaint in the Chancery Court for Perry County against Defendant for declaratory judgment pursuant to T.C.A. §29-14-101, et seq., alleging that Daniel's Landing Road was not a county or public road. The Defendant counter-claimed for declaratory judgment alleging that Daniel's Landing Road was a public road and requested an injunction prohibiting Plaintiff from interfering with the public's use of the road. Both the Plaintiff and the Defendant filed motions for summary judgment. On January 10, 2000, the trial court heard the motions for summary judgment.

In support of the cross motion for summary judgment filed by Perry County, Tennessee, 86 year old Robert P. Spencer stated in part:

> I have been familiar with Daniel's Landing Road at least for 70 years.
>
> The Daniel's Landing Road ran to the landing at the river as long as I can remember, until T.V.A. flooded the area in the 1940's. The public used the road on a regular basis to get to Daniel's Landing to load and unload boats, for access to the warehouse, general store, and post office located at the end of the road.

In an affidavit, 74 year old Margaret Cotham stated in part:

That I am seventy-four (74) years old and I reside at Route 1, Box 3, Lobelville, Tennessee.

I have been familiar with the Daniel's Landing Road my entire life. I was born at Daniel's Landing and lived there from 1924 up until it was flooded. I walked across the levy many times during the time I lived there.

The Daniel's Landing Road has always been used by the public to get to the store, warehouse, and post office at the end of the road before TVA flooded the area. The boats would deliver goods, etc. at Daniel's Landing and people would come to pick goods, etc. up there.

During the time I lived there, the Perry County Highway Department put chirp on the road and graded it on a regular basis.

The aforementioned testimony, together with the road shown on the T.V.A. Land Acquisition Map, is undisputed in this record as to the existence of Daniel's Landing Road, its regular use by the public, and its regular maintenance by Perry County for many years prior to the acquisition by T.V.A. of flooding easements.

On January 26, 2000, the trial court entered a final judgment stating:

The entire record viewed in light of the foregoing authority requires the Court to conclude that there are no genuine issues of material fact such that Defendant is entitled to summary judgment as a matter of law on its counterclaim against Plaintiff. The dirt road in question, "Daniel's Landing Road," is a public road by dedication. Plaintiff is hereby enjoined, restrained and prohibited from closing to or obstructing from the public "Daniel's Landing Road" or any part of the same from Crooked Creek Road to the Tennessee River in Perry County.

It is abundantly clear that Daniel's Landing Road was a public road used regularly by the public.

Pursuant to its flooding easement, in the early 1940's T.V.A. flooded much of the area lying between Crooked Creek Road and the Tennessee River inundating much of Daniel's Landing Road.

The dispute between the parties is the assertion by Perry County, Tennessee that this approximate 100 foot portion of the original Daniel's Landing Road is a public road now used primarily as an access road from Crooked Creek Road to the water's edge for the launching of recreational boats, fishing boats, and for general public access to the water in the flooded area. This assertion is contested by Second Chance Farms, Inc., which takes the position that it is the owner of the disputed 100 feet and that no public road exists.

Since this case is before the Court on a grant of summary judgment to Perry County, Tennessee on its cross-motion, we review the trial court's action *de novo* upon the record with no presumption of correctness. *Gehl Corp. v. Johnson*, 991 S.W.2d 246, 248 (Tenn.Ct.App. 1998). We review the record anew to determine whether the requirements of Tennessee Rules of Civil Procedure Rule 56 have been satisfied. *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995). The standard for determination of a Rule 56 motion is settled and familiar.

> In determining whether or not a genuine issue of material fact exists for purposes of summary judgment, courts in this state have indicated that the question should be considered in the same manner as a motion for directed verdict made at the close of the plaintiff's proof, i.e., the trial court must take the strongest legitimate view of the evidence in favor of the non-moving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence. *Downen v. Allstate Ins. Co.*, 811 S.W.2d 523, 524 (Tenn. 1991); *Poore*, 666 S.W.2d at 49; *Dunn*, 833 S.W.2d at 80; *Wyatt v. Winnebago Industries, Inc.*, 566 S.W.2d 276, 279 (Tenn.App. 1977); *Taylor*, 573 S.W.2d at 480. Then, if there is a dispute as to any material fact or any doubt as to the conclusions to be drawn from that fact, the motion must be denied. *Poore*, 666 S.W.2d at 49 ("[I]f the mind of the court entertains any doubt whether or not a genuine issue exists as to any material fact it is its duty to overrule the motion."); *Dooley v. Everett*, 805 S.W.2d 380, 383 (Tenn.App. 1990). The court is not to "weigh" the evidence when evaluating a motion for summary judgment. *See Hamrick v. Spring City Motor Co.*, 708 S.W.2d 383, 389 (Tenn. 1986) ("Summary judgment is not ordinarily the proper procedure for determining whether a prima facie case has or has not been *overcome* by countervailing evidence."); *Rollins v. Winn Dixie*, 780 S.W.2d 765, 767 (Tenn. App. 1989). The court is simply to overrule the motion where a genuine dispute exists as to any material fact. *Dunn,* 833 S.W.2d at 80; *Dooley*, 805 S.W.2d at 383. The phrase "genuine issue" contained in Rule 56.03 refers to genuine factual issues and does not include issues involving legal conclusions to be drawn from the facts. *Price v. Mercury Supply Co.* , 682 S.W.2d 924, 929 (Tenn. App. 1984). The critical focus is limited to facts deemed "material", *Evco Corp. v. Ross*, 528 S.W.2d 20, 24-25 (Tenn. 1975), which is to say those facts that must be decided in order to resolve the substantive claim or defense at which the motion is directed. *Knoxville Traction Co. v. Brown*, 115 Tenn. 323, 331, 89 S.W. 319, 321 (1905); *Rollins v. Winn Dixie*, 780 S.W.2d 765, 767 (Tenn. App. 1989); *Schwarzer*, 139 F.R.D. at 476.

*Byrd v. Hall*, 847 S.W.2d 208, 210-211 (Tenn. 1993).

We must first determine from the record whether or not Daniel's Landing Road was a public road prior to the exercise by T.V.A. of its flooding easement in the early 1940's. On this issue, there is no dispute of material fact. Exactly when Daniel's Landing Road was dedicated to the public and accepted by the public does not appear in this record. What we have is much the same as was evidenced in *Hill v. Hoffman*, 58 S.W. 929 (Tenn. 1899). Therein it is said:

But it is insisted that this is not a public road, and therefore the complainants must depend upon such rights as may be acquired under the doctrine of private easement, and that the proof fails to make out a case of that kind. The contention that there is no public road is based on the suggestion that it does not appear in the record that there ever was any order of the county court laying it off as a public road, or adopting it as a public road. This is not essential. If it was dedicated to the public and used by the public it became a public road, even if it was never worked by the county. Nashville & D. R. Co. v. State, 1 Baxt. 55. In this instance we have a case of a road used by the public for 60 years under a claim of right. This would, of itself, show at once a dedication to the public and an acceptance by the public. In addition to this, there is the testimony above referred to that the road was worked by the county as a public road.

*Hill v. Hoffman*, 58 S.W. 929, 932 (Tenn. 1899).

The record shows without dispute that prior to the flooding in the early 1940's, Daniel's Landing Road was used by the public for an undisclosed number of years and was maintained by Perry County as a public road. Subsequent to the flooding, the portion of Daniel's Landing Road remaining continued to be used by the public. "It is presumed that a highway once shown to exist, continues to exist." 39A C.J.S. Highways §130, p. 847 (footnotes omitted).

We must next determine whether Daniel's Landing Road is still a public road. Once it is established that Daniel's Landing Road is a public road it remains a public road until it is abandoned or otherwise closed pursuant to statute. Daniel's Landing Road was never formally closed. Tennessee Code Annotated Sections 54-10-201 and 54-10-202 (formerly 54-905 and 54-906) respectively delineate the procedures necessary for a county to close a public road.

The trial court found that Daniel's Landing Road is a public road by dedication. "Once a road has been dedicated for public use, it remains a public road in the absence of proof that the statutory procedures for closing roads have been followed." *Dennis v. Miceli*, No. M1997-00056-COA-R3-CV, 1999WL 1072559, at *4 (Tenn.Ct.App. Nov. 30, 1999) (citing *Collins v. Thomas*, 495 S.W.2d 201, 202 (Tenn.Ct.App. 1973)*;McDavid v. McGuire*, 526 S.W.2d 474, 479 (Tenn.Ct.App. 1973); *Blake v. Skelton*, 5 Tenn. App. 539, 553 (1927); *Hill v. Hoffman*, 58 S.W. 929, 932 (Tenn.Ch.App. 1899)).

The record in this case discloses no proof at all of any action ever taken by Perry County to abandon Daniel's Landing Road, and the actions hereinafter discussed of Second Chance Farms, Inc. and its predecessors in title to block public use of the portion of Daniel's Landing Road in issue in this case are ineffective to foreclose the rights of the public. This case is in much the same posture as *Hargis v. Collier*, wherein the court disposed of the issue of the flooded portions of a public road by observing:

> Specifically, the plaintiff requested the court to determine the distance up the roadway the defendants could travel. The northern most portion of the road is now under water in the Cordell Hull Lake. However, as this road was, and still is, a county road open to the public it was unnecessary for the chancellor to make any determination on this matter.

*Hargis v. Collier*, 578 S.W.2d 953, 959 (Tenn.Ct.App. 1978).

The burden of proof rests upon Second Chance Farms, Inc. to prove that this public road has been abandoned.

> It is clear that there may be an abandonment of a public road, but the burden is on the parties asserting the abandonment to establish the intention to abandon, and an abandonment may be shown by evidence in pais as well as by public record. See *Hargis v. Collier*, 578 S.W.2d 953 (Tenn.App. 1978) This Court said in *Farr v. Pentecoast*, 1994 WL 12617 (Tenn.App.):
>
> > Tennessee courts have held that evidence of mere non-use alone does not establish abandonment, *Jacoway v. Palmer*, 753 S.W.2d 675, 677-78 (Tenn.App. 1987), nor will a city or county's failure to maintain a public road when it is being used by the public. *Cartwright v. Bell*, 418 S.W.2d 463, 468-70 (Tenn.App. 1967). There must be a positive showing of an intent to abandon (*Jacoway*).

*Shelco Corp. v. Barker*, No. 03A01–9509-CH-00317, 1996 WL 438877, at \*1, (Tenn.Ct.App. July 30, 1996). Further, the abandonment of a public road must be established by clear and unequivocal evidence of decisive and conclusive acts. *Jacoway v. Palmer*, 753 S.W.2d 675, 679 (Tenn.Ct.App. 1987); See also *Ty Farming Co., Inc., v. Belew*, No. 02A01-9510-CV-00232, 1996 WL 649173 at \*3 (Tenn.Ct.App. Nov. 8, 1996); See also *Cockroft v. Claunch*, No. 02A01-9108-CH-00164, 1992 WL 69621, at \*4 (Tenn.Ct.App. April 8, 1992).

The evidence fails to establish that Daniel's Landing Road was abandoned as a public road or that any government action closed it as a public road. As a matter of law, the portion of Daniel's Landing Road at issue, remains a public road. The cross-motion for summary judgment of Perry County, Tennessee is sustained on this basis.

While the abandonment question is dispositive of this appeal, it is well to note the fact that the singular parties to this case are Second Chance Farms, Inc. as Plaintiff and Perry County, Tennessee as Defendant. The case does not involve private party rights or abutting owner easements over an abandoned public road.

There is evidence in the record that at some time subsequent to the flooding of the western part of Daniel's Landing Road by T.V.A., a remote predecessor in title of Second Chance Farms, Inc. blocked the entrance to Daniel's Landing Road at its junction with Crooked Creek Road by

constructing a barbed wire fence.  Such was the situation when Rex Dabbs purchased the property on both sides of Daniel's Landing Road in 1956.  The fence remained in place until the early 1960's when it was taken down by his lessee and brother, Billy Ray Dabbs.  Rex Dabbs testified:

> Q.      Did they start using it then when the fence was taken down?
> A.      I guess they did.  Everybody went in and out of there.
> Q.      So the public has used it since the early 60s up until the present time.
> A.      I'd say that.  Yeah.

Rex Dabbs owned the property from 1956 until he sold it to Second Chance Farms, Inc. in 1998. Second Chance Farms, Inc. promptly blocked the entrance to Daniel's Landing Road at its junction with Crooked Creek Road.  On March 15, 1999, the Perry County Commission met and approved the motion to advise Second Chance Farms, Inc. that Daniel's Landing Road was a county road and that Second Chance Farms, Inc. must remove the impediment to public use thereof.  At that point, Second Chance Farms, Inc. filed this suit for declaratory judgment.

The primary assertion of Second Chance Farms, Inc. is that this case involves an alleged implied dedication of a public road based on events subsequent to the action of T.V.A. in flooding Daniel's Landing Road.  Such an implied dedication would require proof by clear and convincing evidence of both the dedication by the land owner and acceptance by the public. *McCord v. Hays*, 302 S.W.2d 331, 333 (Tenn. 1957); *McKinney v. Duncan*, 118 S.W. 683, 684 (Tenn. 1909).

Resort to implied dedication is unnecessary in view of the uncontradicted evidence that Daniel's Landing Road was a public road maintained by the county and used by the public for many years prior to the flooding of the road by T.V.A. in the early 1940's, and the absence of any proof that this established county public road has ever been abandoned.

There is strong evidence of implied dedication and implied public acceptance.  It is clear that from the time Billy Ray Dabbs removed the barbed wire fence in the early 1960's until Second Chance Farms, Inc. barricaded the junction in 1998 the public used the road regularly.  The eastern portion of Daniel's Landing Road at issue was improved by the public, and used indiscriminately by such members of the public as desired to make use of it, all without objection from the landowner.  In *Johnson City v. Wolfe*, the Supreme Court held: "The public as well as individuals have a right to rely on the conduct of the owner as indicative of his intent.  If the acts are such as would fairly and reasonably lead an ordinarily prudent man to infer an intent to dedicate, and they are so received and acted upon by the public, the owner cannot, after acceptance by the public, recall the appropriation." *Johnson City v. Wolfe*, 103 Tenn. 277, 52 S.W. 991, 992 (Tenn. 1899) (citing Elliot, Roads & S. p. 92).

More recently the Supreme Court has held:

> These early cases have continuing validity. No formal document, deed or act
> is required to complete the dedication.  The controlling criterion is the intention to

dedicate and, while this must be unequivocal, it may be gleaned from the surrounding facts and circumstances. Among these circumstances is long use by the public or a portion thereof. Indeed, from long use, without objection of the owner, it may be inferred or presumed that such use and enjoyment had a legal origin.
*McCord v. Hays*, 202 Tenn. 46, 302 S.W.2d 331 (1957).

*Cole v. Dych*, 535 S.W.2d 315 (Tenn. 1976).

While the proof post-flooding of intent to dedicate on the part of Rex Dabbs may preclude summary judgment based upon implied dedication, this issue is foreclosed by our holding that this county public road, pre-dating T.V.A. flooding, has never been abandoned.

The trial judge in his ruling of January 26, 2000 sustaining the cross-motion for summary judgment of Perry County, Tennessee stated: "The entire record viewed in light of the foregoing authority requires the court to conclude that there are no genuine issues of material fact such that Defendant is entitled summary judgment as a matter of law on its counter-claim against Plaintiff. The dirt road in question, 'Daniel's Landing Road,' is a public road by dedication. Plaintiff is hereby enjoined, restrained and prohibited from closing to or obstructing from the public 'Daniel's Landing Road' or any part of the same from Crooked Creek Road to the Tennessee River in Perry County."

We affirm the judgment of the trial court for the reasons stated herein.

Costs of this cause are taxed to the Appellant.


_____
WILLIAM B. CAIN, JUDGE