ZENITH PASCHALL et ux., BEULAH PASCHALL,
Complainants-Appellees, v. MILBURN D. VALENTINE
et ux., L. D. VALENTINE, Defendants-Appellants.
—321 S. W. (2d) 568.

Western Section at Jackson.   June 18, 1958.

132

Aaron Brown, Paris, for defendants-appellants.

Hugh K. McLean, Paris, for complainants-appellees.

CARNEY, J. The defendants below, Milburn Valentine and wife, L. D. Valentine, appeal from a decree of the Chancellor ordering them to remove fences which they had placed across a portion of an abandoned road in Henry County, Tennessee, known as the old Paris-Crossland Road. This was a public road which ceased to be travelled by the public after the construction of U. S. Highway 641 some fifteen to twenty years ago. U. S. Highway 641 runs north and south and substantially parallel with the old Paris-Crossland Road. In this vicinity the new highway is only about 133 steps west of the old road.

The defendants, Valentine and wife, own farm land located on the east side of U. S. Highway 641 and which farm land extends east and across the old Paris-Crossland Road. The old Paris-Crossland Road traverses the lands of Valentine for a distance of about 600 feet.

The complainants, Zenith Paschall and wife, own and live on a small tract of land containing two acres located on the west side of the old Paris-Crossland Road and

immediately south of the property owned by defendants, Valentine and wife.

The property of Paschall and wife does not border the east margin of U. S. Highway 641. A narrow strip of land owned by the defendants, Valentine and wife, extends southward between the west boundary of the complainants' two-acre tract and the east boundary of U. S. Highway 641.

The Henry County Road Board has constructed a new road from the east margin of U. S. Highway 641 through the property of Valentine and wife along the north boundary line of the complainants' property to their northeast corner so that complainants have a roadway directly from their home to U. S. Highway 641.

A substantial portion of the old Paris-Crossland Road located south of the home of the complainants has long since deteriorated, grown up and been fenced by the Kentucky-Tennessee Clay Company which owns land on each side of this portion of the old road. This portion of the road is not involved in this controversy.

In 1953 the Road Board of Henry County, Tennessee, declared the old road abandoned and authorized its closing by the following resolution:

"The Henry County Road Board for Henry County, Tennessee

"Comes the Henry County Road Board at its regular meeting on the First Saturday in September, 1953, it being September 5, 1953, with the Chairman and all its members present, when the following resolution was passed and adopted, as follows:

"Be it Resolved by the County Road Board, in session on this date, that the roadway formerly maintained by the Department of Highways for Henry County, consisting of 600 feet, more or less, and extending through the property now belonging to Allen Flanagan and wife, Mrs. Gladys Flanagan, in the Sixth Civil District of Henry County, Tennessee, and running vertically parallel with the Paris and Murray Highway, be discontinued, ceased, and disallowed, and the permission is hereby given for the complete closing of said road in accordance with the wishes and desires of the adjacent land owners thereto.

"This Resolution is based upon the fact, that the road has been practically non-existing since the construction of the Paris and Murray Highway, as it now exists, and the only person that could possibly be effected, by its closure, has a more adequate means of egress and ingress from and to his dwelling, to the main highway herein referred to.

"Be it further Resolved that this resolution take effect immediately upon and after the passage herein, the public welfare requiring it.

"Passed this the ——— day of September, 1953. "Howard Dumas   Frank Howard   R. L. Richardson "R. L. Cox      C. T. Crutchfield"

However, Flanagan and wife did not fence any portion of this old road and conveyed their farm lands to the present defendants, Valentine and wife, in October, 1955.

Complainants, Paschall and wife, purchased their two-acre tract of land in 1950 and from time to time Mr.

Paschall travelled northward from his home along the old Paris-Crossland Road through the lands of Flanagan and later Valentine for various purposes including the visiting of his granddaughter who lived just north of the Valentine property at the intersection of the old Paris-Crossland Road and a county road known as Loop Road. Also Mr. and Mrs. Paschall had their mail box located in front of their granddaughter's home at this intersection.

About April, 1957, Mr. and Mrs. Valentine erected fences across the old Paris-Crossland Road at their north and south boundary lines and in July, 1957, complainants filed this suit seeking a removal of the fences and damages for the obstruction of said road.

It was the contention of the defendants first, that they had express authority to fence that portion of the road under the resolution adopted by the Henry County Road Board; and second, that the road was abandoned and no longer a public road; and third, that the complainants had available to them the new road constructed by the Henry County Road Board from U. S. Highway 641 to complainants' northeast corner which gave them adequate egress and ingress and that the use of the old Paris-Crossland Road by the complainants was not reasonably necessary.

The Chancellor held that the complainants as the owners of property abutting upon a public road had a vested interest in the use of said road and that the abandonment of said road by the Road Board of Henry County did not operate to divest the complainants of their rights to use said road. He ordered the fences removed.

■■■■■■■■■■■

The defendants have made six separate assignments of error. All of these assignments of error substantially raise only the one question as to whether or not under the proof the complainants were entitled to the relief sought and granted to them.

■ The Road Board of Henry County, Tennessee, was operating under the authority of Chapter 620 of the Private Acts of Tennessee of 1933. Section 5 of said Act reads in part as follows:

'"Be it further enacted, That the said Highway Commission shall meet at the call of the Chairman. It shall be the duty of the Commission, a majority being present, to designate the work to be done on the roads; to give instructions to the county supervisor and to provide funds which may be at their disposal for the carrying out of the things which have been authorized by them; said Commission is hereby given the authority to open, close, change or create a system of roads and bridges for the county, and for that purpose is given the power to exercise the right of eminent domain. * * *"

The general statutes of this state relating to the opening, closing and changing of county public roads are to be found in T.C.A. secs. 54-901 through 54-925.

In our opinion under the provisions of Chapter 620 of the Private Acts of 1933 the Road Commission of Henry County was not given any broader authority to open or close roads than the county is given under the general statutes and therefore, the defendants must prevail on this appeal, if they prevail at all, under the authority of the general statutes and decisions of our courts relating to the opening and closing of public roads.

■ We think this case is controlled by the case of Jackson v. Hutton, 1932, 15 Tenn. App. 281. In that case the defendant sought to close an abandoned public road just as in the present case. The defendant had been authorized so to do by one or more of the Highway Commissioners of Marion County. Apparently the Highway Commissioner made a substantial attempt to comply with Shannon Code Section 1623, now T. C. A. sec. 54-908, in authorizing the road to be abandoned and closed.

From said opinion we quote as follows:

"Whatever may have been the legal consequence of the things done by the officers of Marion County with the purpose of discontinuing the old road as a public highway, it is quite apparent that it was their intention to substitute the new highway for the old road and to relieve the County of the obligation to maintain the old road as a public highway; but, assuming that there was an abandonment of the old road as a public highway, it did not, and could not, affect the private right of the complainants, as abutting landowners, to an easement of access to their premises over the old road. Anderson v. Turbeville, 6 Cold. 150, 157-158; Hill v. Hoffman (Tenn. Ch. App.), 58 S. W. 929, 932; Black [Blake] v. Skelton, supra [5 Tenn. App. 539], p. 553; State v. Taylor, supra [107 Tenn. 455], p. 467 [64 S. W. 766]; Central Trust Co. v. Hennen [6 Cir.], 90 F. 593, 33 C. C. A. 189, 192; Van Buren v. Trumbull, 92 Wash. 691, 159 P. 891, L. R. A., 1912-A, 1120; 19 C. J. p. 933; 29 C. J., p. 534.

"The sole interest that Marion County now has in the old road is that the County be relieved from

the expense of keeping it in repair; and the County, as the representative of the public, is not interested in having the old road obstructed. Defendant Hutton, not Marion County is endeavoring to appropriate to his own use the private property of the complainant, viz.: the easement which complainants acquired in the old road as an appurtenance to their land. It is, therefore, no sufficient answer to the suit of complainants to say that complainants would be entitled to recover damages if the obstruction of the old road injured them in their property rights. Neither do we think that complainant Jackson can be lawfully deprived of the easement which he has acquired in the old road, as an appurtenance to his premises, merely because his land extends to the new highway, and he could, at great expense to himself, build a road across his field—a distance of 46 rods—to reach the new highway."

Again in the case of Current v. Stevenson, 1937, 173 Tenn. 250, 116 S. W. (2d) 1026, 1028, the defendants were enjoined from placing gates or fences across a public road. From said opinion we quote as follows:

"(3) The fact that the eastern part of said road has been abandoned, or that the road for some years had not been worked or kept up by the public officials, does not deprive complainants of the right to use this road.

"The general rule is thus stated in 29 C. J., 547:

"'An abutting owner has two distinct kinds of rights in a highway, a public right which he enjoys in common with all other citizens, and certain private rights which arise from his ownership of property

contiguous to the highway, and which are not common to the public generally, and this regardless of whether the fee of the highway is in him or not. These rights are property of which he may not be deprived without his consent, except upon full compensation and by due process of law. They include the easement of access, and of light and air, the right to lateral support, and the right to have the highway kept open as a thoroughfare to the whole community for the purpose of travel.'

"In Anderson v. Turbeville, 46 Tenn. 150, 157, 158, 6 Cold. 150, 157, 158, it is said: 'With respect to the closing of a public street, the municipal corporation representing the State, has the power to abandon the public use of it, and be exonerated from obligation to keep it in repair, and otherwise suitable for the public use: Cool. Const. Lim. 522; (North Pennsylvania R. Co. v. Davis), 26 Pa. 238; (Clark v. Town of Saybrook), 21 Conn. 313; (York v. Bright), [23 Tenn.] 4 Humph. (312), 313.

" 'But the owners of lots bordering upon a public street, have an easement of way in the street, in addition to the use of it in common with the people generally. This additional right of way, is private property, within the protection of the law, as much as if it were corporeal property, and cannot be taken for public use without compensation. Like any other property, it may be taken for public use, upon compensation.' "

In the more recent case of Cottrell v. Daniel, 1947, 30 Tenn. App. 339, 205 S. W. (2d) 973, 976, the eastern section of this court enjoined the obstruction of an

abandoned public road in favor of an easement claimed by the owner of lands abutting upon such abandoned public road. Jackson v. Hutton was referred to with approval.

In the opinion Judge Hale makes this statement:

"We realize that it would be desirable from the defendants' viewpoint to have this easement done away with, but we are dealing with fixed and settled property rights. Altho complainant does not need this easement, she has a right to exercise it if she so desires."

■ It may well be that in this case the defendants could be authorized by the County Court of Henry County to maintain gates across the abandoned Paris-Crossland Road under the authority of T. C. A. sec. 54-923. However, as said by the Supreme Court of Tennessee in the Current case and by the Court of Appeals of Tennessee in the Cottrell case, both mentioned above, we make no adjudication as to the applicability of said Section 54-923 because such question is not presented to this court in the pleadings.

The assignments of error are respectfully overruled and a decree will be entered in this court affirming the action of the Chancellor and taxing the appellants with the costs of this appeal.

Avery, P. J. (Western Section), and Bejach, J., concur.