COOPER, C. J., and HENRY, BROCK and HARBISON, JJ., concur.

HENRY COUNTY, Tennessee, et al.,
Plaintiffs-Appellants,

v.

Ernie B. SUMMERS et al.,
Defendants-Appellees.

Court of Appeals of Tennessee,
Western Section.

June 2, 1976.

Rehearing Denied July 1, 1976.

Certiorari Denied by Supreme Court
Oct. 4, 1976.

Richard L. Dunlap, III, Dunlap, Dunlap & Hessing, Paris, for appellants.

Julian P. Guinn, Guinn & Hawley, Paris, for appellees.

CARNEY, Presiding Judge.

Plaintiffs Henry County, Tennessee, and sixteen members of the Henry County Quarterly Court, all residents of Henry County, Tennessee, brought suit to enjoin the Defendants, Ernie B. Summers and wife, and Russwood Shores, Inc., from completing a residence which encroached upon a road hereinafter designated as Road B, running through property in the Kentucky Lake area being developed by the Defendant-Appellee, Russwood Shores, Inc. Plaintiffs prayed that the road be adjudged a public road; that construction be halted; that the unfinished house be removed from the road.

The Defendants, Ernie B. Summers and wife, purchasers of Lot 212 on which the residence was being constructed by the Defendant, Russwood Shores, Inc., developer, and Russwood Shores, Inc. denied that the road in question was a public county road but averred that if the road had ever been a public road, it was properly closed by the Henry County Highway Commission in 1971. This suit was filed on September 5, 1974.

His Honor the Chancellor found that the disputed road terminating at Little Sulphur Creek Boat Dock on Kentucky Lake had never been a public road. He also held that if the road was a public road, it was legally closed by the Henry County Road Commission in 1971. He dismissed Plaintiffs' suit and Plaintiffs have appealed and assigned error.

First, we notice the motion by Appellees to strike the Bill of Exceptions because it was not filed within the time allowed by the Chancellor. On February 20, 1975, the Chancellor signed and entered an order overruling the Plaintiffs' motion for new trial, granting the Plaintiffs an appeal, and allowing Plaintiffs thirty days within which to prepare their Bill of Exceptions. Also, on February 20, 1975, there was filed for entry an order signed by the Chancellor allowing the Plaintiffs sixty days additional time within which to file a Bill of Exceptions. This order stated that the total of 90 days would run from February 6, 1975. On May 14, 1975, the Chancellor entered an order reciting that the order granting sixty additional days for filing the Bill of Exceptions inadvertently and through clerical error stated that the ninety days ran from February 6, 1975. It was ordered that the period for filing the Bill of Exceptions should be computed from the date of final judgment or February 20, 1975. The Bill of Exceptions was lodged with the Clerk and Master within ninety days from February 20, 1975, but more than ninety days after February 6, 1975. Tennessee Rules of Civil Procedure 60.01 authorizes the Trial Court to correct clerical mistakes in judgments, orders, or other parts of the record, and errors arising from oversight or omission, at any time before the case is docketed in the appellate court. After the appeal has been docketed in the appellate court, mistakes may be corrected by the Trial Court only with leave of the appellate court. On the authority of *Chambers v. Holland,* (Tenn. App.M.S.1975), 524 S.W.2d 941, and *Jerkins v. McKinney,* (Tenn.1976), 533 S.W.2d 275, we hold that the Bill of Exceptions was timely filed and the motion to strike is respectfully overruled.

The Plaintiffs' assignments of error are as follows:

"1. That His Honor, the Trial Court, was manifestly in error in finding that the Little Sulphur Boat Dock Access Road was never a public road.

2. That His Honor, the Trial Court, was manifestly in error in finding that the Henry County authorities, by accepting and adopting the plat of streets and roadways of Russwood Shores, Inc., closed the western section of Little Sulphur Boat Dock Access Road.

3. That His Honor, the Trial Court, was manifestly in error in finding that the Henry County authorities, by accepting and adopting the plat of streets and roadways of Russwood Shores, Inc., closed the eastern section of Little Sulphur Boat Dock Access Road."

The Russwood Shores Subdivision property extends from the Antioch Church Road eastward to Kentucky Lake. All of the property involved in this litigation was owned by the Tennessee Valley Authority until 1959 when it was declared surplus and sold to Mr. and Mrs. E. C. Marsh. As early as 1945 there had been a one-lane access road running eastward from Antioch Church Road through the undeveloped property now known as Russwood Shores to the Little Sulphur Creek Boat Dock. The Boat Dock was located on TVA property at the edge of Kentucky Lake. The total length of the road appears from the plat to have been about 2,750 feet. At a point about 700 feet from the Boat Dock, the access road forked. The left fork known as Fork B in this record ran on slightly higher ground for about 475 feet and rejoined Fork A about 225 feet south of the Boat Dock. During periods of high water, portions of Fork A are covered and become impassable because of the high water. When TVA sold the property to Marsh in 1959, it was sold with the restriction, "No public access." E. C. Marsh and wife sold the undeveloped property to Charles F. Russell and wife, Marsha N. Russell, on July 1, 1968. From 1959 to 1971 fishermen continued to use the access road, both Forks A and B.

On March 31, 1971, Charles F. Russell and wife, Marsha N. Russell, filed of record in the Register's office of Henry County, Tennessee, plat of Russwood Shores Unit No. 1 containing 80.626 acres divided into 212 lots extending all the way from Antioch Church Road eastward to Kentucky Lake. The plat was approved by the Henry County

Health Officer, the Henry County Road Supervisor, and the Chairman of the Henry County Planning Commission.

The old Sulphur Creek Boat Dock access road leading from Antioch Church Road to Kentucky Lake was incorporated into the new subdivision plat in its entirety except in two respects: (1) At the western terminus at Antioch Church Road for a distance of 280 feet the old one-lane road was closed, and two 50-foot roads were substituted in its place. (2) At the eastern terminus, where the access road formerly forked into A and B, Fork B was closed and a third fork, C, was run to the left, higher up the hill in a circular direction about 900 feet to Little Sulphur Creek Boat Dock ramp connecting with the old access road beyond the junction of old Fork A and B. The developers Russell and wife offered deeds to Henry County, Tennessee, to all of the roads contained within the subdivision. The Henry County Highway Commission at the regular meeting on June 25, 1971, accepted the deeds from Russell and wife on behalf of Henry County.

About half of the new access road is 50 feet wide and the remainder is a minimum of 30 feet wide. This suit seeks only to reopen the closed 450-foot segment, Fork B.

There was conflicting testimony before the Chancellor as to whether or not the County maintained Fork B and as to how much, if any, work was done by the County Highway Commission on Fork B. There was testimony that Fork A was the original access road leading to the Little Sulphur Creek Boat Dock and that Fork B was a secondary roadway used by hunters and fishermen as a cutoff when Fork A was under water.

■ We hold that the evidence does not preponderate against the finding of the Chancellor that the Little Sulphur Creek Boat Dock road never became a public road. The sale by TVA with the condition, "No public access" negates any implied dedication and there is no proof of 20 years prescriptive user.

"Unless a passageway has been created a public way in some manner known to the law, such as by act of the public authorities, or the express dedication by the owner, or an implied dedication by means of the use by the public and acceptance by them with the intention of the owner that the use become public, or by adverse user for a period of 20 years continuously creating a prescriptive right, it is not a public way." *Standard Life Insurance Company v. Hughes,* (1958), 203 Tenn. 636, 315 S.W.2d 239, at page 242.

■ We turn now to the assignments of error assailing the finding of the Court that if, in fact, the Little Sulphur Creek Boat Dock had been a public road prior to 1971, the two portions or strips involved in this litigation were legally closed by the Henry County Highway Commission. The Henry County Road Commission was created under Chapter 620, Private Acts of 1933. However, its authority to open, close, change, or create a system of roads and bridges gives it no broader authority to open or close roads than is given under the general statute, T.C.A. Section 54–901, et seq. *Paschall v. Valentine,* (W.S.1958), 45 Tenn.App. 131, 321 S.W.2d 568.

T.C.A. Sections 54–905 and 54–906 provide as follows:

"54–905. Changing or closing roads— Application by petition.—All applications to open, change, or close a road shall be made by written petition, signed by the applicant, to the commissioner of the district through which the road runs or is asked to be located, specifying in particular the changes or action asked; or, if the road extends into two (2) or more districts, or is the dividing line between districts, then to the commissioners of said districts."

"54–906. Notice to interested parties of action to open or close.—No road shall be opened, changed, or closed, without giving at least five (5) days' notice to all parties interested of the time said road or roads are to be opened, changed, or closed, and a surveyor or civil engineer may be employed, if necessary, to locate

the same. Landowners and those controlling land touched by the proposed highway shall be deemed interested parties."

■ The members of the Henry County Road Commission admitted that no effort was made to comply with T.C.A. Sections 54–905 and 54–906.

There is no proof that any of the public officials of Henry County, Tennessee, especially the Road Commission, the County Health Officer, the Chairman of the Henry County Planning Commission, and the County Attorney, all of whom approved the subdivision, acted in bad faith.

The exit at the western end of the road into the Antioch Church Road was narrow and dangerous. Replacement by two new wider, safer roads inured to the benefit of everyone. The opening of Fork C at the eastern end of the road gave a wider all-weather access to the Boat Dock.

■ Mr. and Mrs. Russell, the developers owned all the property adjoining the closed segments of the road. There is no proof of any prejudice to any citizen or public official of Henry County, Tennessee, resulting from the closing of either of the two disputed strips of roadway. Access to the boat dock for all the citizens is greatly improved by the closing of the two strips and the substitution of better roads in their place and stead. The Defendant Developers have not been unduly enriched by the closing of the two strips of roads nor have they acted capriciously and in bad faith. To order these Defendants to destroy the partially completed residence and reopen Fork B would result in great financial loss to the Defendants. Several lots in the subdivision would be rendered completely useless. A mandatory injunction would result in no benefit whatsoever to the Plaintiffs or to the residents of Henry County, Tennessee, except the satisfaction of some personal grudge or political animosity not shown in the record. It appears highly unlikely that any of the traveling public would use the narrow one-lane section if reopened because Forks A and C are much wider and furnish far better access to the boat dock. A court

of equity will not issue a mandatory injunction to enforce a penalty or work an injustice upon a defendant. *King v. Elrod,* (1953), 196 Tenn. 378, 268 S.W.2d 103; *Gibson's Suits in Chancery,* 5th Edition, Sections 51 and 871.

The cases of *Collins v. Thomas,* (Tenn. App.W.S.1973), 495 S.W.2d 201, and *Blake v. Skelton,* 5 Tenn.App. 539, relied upon by the Appellants are not applicable to the facts of the instant case.

It, therefore, becomes immaterial whether the two strips of roadway were legally closed by the Henry County Highway Commission. Assignments of error 2 and 3 are pretermitted.

The judgment of the lower Court is affirmed at the cost of the Appellants.

MATHERNE and NEARN, JJ., concur.

PETITION TO REHEAR DENIED

CARNEY, Presiding Judge.

On June 2, 1976, this Court announced an opinion in this cause affirming the judgment of the lower Court. The Appellants have filed a Petition to Rehear.

■ First, the Appellants insist that under the authority of *Cole v. Dych,* (Tenn. 1976), 535 S.W.2d 315, this Court was in error in affirming the decision of the lower Court that there had not been a dedication of Fork B of the Little Sulphur Creek Boat Dock access road. It is true that in *Cole v. Dych* both the lower Courts and the Supreme Court found that the road in question was, in fact, a public road. In the case at bar, TVA owned the land, maintained the boat dock, and later sold the land with the restriction "No access road." The new owners closed Fork B, kept open and dedicated Fork A and opened and dedicated a new all-weather Fork C to the Boat Dock.

These facts compel this Court to find that there was no dedication, express or implied, by TVA of Fork B leading to the boat dock across TVA's property and that the use of Fork B as an alternative road to the Boat Dock was by permission of TVA. The first

ground of the Petition to Rehear is, therefore, respectfully overruled.

Next, our attention is called to the fact that the 250-foot strip on the western end of the Boat Dock access road leading from the Antioch Church Road was admittedly a public road and that the road had not been closed by the Henry County Road Commission in strict compliance with T.C.A. Sections 54-905 and 54-906. Since there is no proof that any of the Plaintiffs or any other person entering or leaving Russwood Shores Subdivision by way of the Antioch Church Road is inconvenienced in the slightest by the closing of the strip and the substitution of two much safer roads, and since there is no proof that the Defendants have acted illegally or in bad faith, we adhere to our former opinion that we, as a Court of equity, should not issue a mandatory injunction to work a financial hardship upon the Defendants.

The Petition to Rehear is respectfully overruled at the cost of the Plaintiffs.

MATHERNE and NEARN, JJ., concur.