Clinton HANSBERRY, Jr. *v.* STATE of Arkansas

94-991                                          885 S.W.2d 296

Supreme Court of Arkansas
Opinion delivered October 17, 1994

*Heather Patrice Hogrobrooks*, for appellant.

No response.

PER CURIAM. Appellant files a motion for rule on the clerk requesting the court to direct its clerk to accept appellant's tran-

script. The trial judge orally announced his decision in open court on May 24, 1994, but his judgment was not entered until June 28, 1994. Appellant filed his notice of appeal on June 7, 1994 — before entry of the judgment.

■■ Under ARCP Rule 36.9, a defendant must file his appeal within thirty days from the date of entry of the judgment, and a notice is invalid if it is filed prior to the entry of the judgment appealed from. Appellant points out the trial judge's June 28, 1994 judgment was entered nunc pro tunc effective May 24, 1994, which, appellant urges, cures any premature timeliness of his notice of appeal. Not so. As we said in *Clements* v. *State*, 312 Ark. 528, 851 S.W.2d 422 (1993), a nunc pro tunc order may be entered to make the court's record speak the truth or to show that which actually occurred. Here, the event triggering the time for filing an appeal is when the judgment is entered. That event never occurred on May 24, 1994, and a nunc pro tunc order cannot be utilized to correct the omission.

We direct appellant's counsel to file a motion and affidavit in this case within thirty days, accepting responsibility for failing to perfect the appeal. Appellant's motion will then be granted, *Watson* v. *State*, 313 Ark. 409, 856 S.W.2d 1 (1993), and a copy of the opinion granting the motion will be forwarded to the Committee on Professional Conduct.

Accordingly, the motion is denied.