Thornton TWEEDY and Diane Tweedy *v.*
Ronnie COUNTS and Sarah Counts

CA 00-771 40 S.W.3d 328

Court of Appeals of Arkansas
Division IV
Opinion delivered March 21, 2001

*Dick Jarboe*, for appellants.

*Lyons, Emerson & Cone, P.L.C.,* by: Scott Emerson, for appellees.

JOHN B. ROBBINS, Judge. Thornton Tweedy and his wife Diane Tweedy appeal an order from the Randolph County Chancery Court that denied their request for an easement across appellees' property and held that the land reverted back to appellees as property owners when the road was closed by the county court. For the reasons discussed herein, we affirm in part and reverse in part.

In 1990, proceedings were begun in Randolph County to close certain roads that were not being used so that the county

would not have to maintain them. The county clerk ran a notice in the local newspaper, in May 1990, notifying the public that certain roads "not now open, shall be declared to be closed." The notice also indicated on a diagram the establishment of certain roads, and gave notification of a larger map available at the courthouse for inspection. It is undisputed that the road at issue here was not shown on the notices for Shiloh Township or shown on the county map. Public hearings were held thereafter; however, an order resulting from the hearings and notices was never entered by Jim Andrews, who was the county judge at that time. Five years later, a subsequent Randolph County judge, John Hart, realized that no formal order closing the roads had been entered, and on July 20, 1995, he signed a *nunc pro tunc* order to finalize the proceedings that began with the 1990 notice.

Appellants bought their property on March 1, 1994, after the road–closure proceedings began in 1990 but before entry of the *nunc pro tunc* order. On December 27, 1995, appellants filed a notice of appeal from the *nunc pro tunc* order. No further action was taken in that proceeding until August 3, 1998, when appellees filed a motion to intervene, which was granted. On November 24, 1998, appellees filed an objection to the appeal and a petition to affirm the county court. The Randolph County Circuit Court entered an order on August 31, 1999, that dismissed appellants' December 27, 1995, appeal with prejudice as not being timely. Appellants did not appeal the circuit court order dismissing their appeal of the 1995 county court order.

Appellees own the property on both sides of the former road, and at some point in 1994 they constructed a fence down the center of the road to keep people from trespassing, hunting, and dumping trash on their property. Appellants allege that this prevents them from accessing some of their property during spring and winter months because they have to ford a creek. Appellees argue that the water level of the creek rarely gets that high, and if it does it subsides in a matter of hours, thus giving appellants alternate access to their property. On October 23, 1997, appellants filed suit against appellees in the Randolph County Chancery Court, asking that the subject road be declared a county road, a public road, or a private easement for the purpose of ingress and egress. Appellants also asked for damages caused by appellees' obstruction of the road. A hearing was held on March 21, 2000, and the chancery court issued the following order:

> The road in question in this case was formerly a county road.... [I]t was formally vacated, closed and abandoned by the county as a result of a County Court order entered July 20, 1995. The plaintiff had the right to appeal that County Court order ... but because they did not do so in a timely manner, that appeal was dismissed.... The [appellees] owned all the property on both sides of the subject county road ... thus ... ownership of that part of the road ... reverted to the [appellees] as the property owners. The court is of the opinion that it does not have jurisdiction to modify a county court order and the court declines to do so. The claim of the [appellant] to an easement across the property of the [appellees] is denied, it being the opinion of the Court that the [appellants] have reasonable access to their property.

Appellants now appeal from this chancery court order and raise three issues: whether the court erred as a matter of law in finding that appellants' access had been terminated by the closing of the road; whether the court erred in failing to consider whether the county court order applied to the road in question; and whether the *nunc pro tunc* order entered by a different judge was void.

The road in question was opened in Shiloh Township in 1947. It is undisputed that the road transverses property owned by appellees Ronnie and Sarah Counts and leads to, and ends on, property now owned by appellants. Although appellants' property fronts on Black Ferry Road, a creek runs through appellants' property, and appellants used the subject road to access their property that is on the other side of the creek.

■ On appellate review of ordinary equity cases, there are two different components of the chancellor's ruling that are considered. *Duchac v. City of Hot Springs*, 67 Ark. App. 98, 992 S.W.2d 174 (1999). The appellate court will not set aside a chancellor's finding of fact unless it is clearly erroneous. *Id*. This deference is granted because of the regard the appellate court has for the chancellor's opportunity to judge the credibility of the witnesses. *Id*. However, a chancellor's conclusion of law is not entitled to the same deference. If a chancellor erroneously applies the law and the appellant suffers prejudice, the erroneous ruling is reversed. *Id*. Manifestly, a chancellor does not have a better opportunity to apply the law than does the appellate court. *Id*.

We first consider appellant's second issue — whether the court erred in failing to consider whether the county court order applied to the road in question. Appellants argue that they were merely

asking the chancery court to consider proof on whether the road was open within the meaning of the description in the notice of hearing that was published in 1990. The 1990 notice provided as follows:

> Notice is hereby given that on the 17th day of May, 1990, at 4:30 P.M., hearing will be had concerning the establishment, widening, and closing of roads in Shiloh Township generally.
>
> ....
>
> That it is proposed that all roads as marked on the diagram below shall be and become established roads of Shiloh Township, with a right of way of 50 feet, and that any and all other roads which may heretofore have been established, which are not now open, shall be declared to be closed.
>
> [diagram omitted]
>
> A complete larger map of said roads is available at the County Clerk's Office in Randolph Clerk's Office in Randolph County Courthouse, Pocahontas, Arkansas, for inspection of any interested party....

Appellants argue that this notice did not apply to the subject road because it was an open road and, therefore, was not one of the roads included in the notice.

██ ██ Notwithstanding the language cited in the notice of hearing, there can be no doubt that the order at issue applied to the subject road. The *nunc pro tunc* order entered by the county judge on August 15, 1995 provided:

> That all roads set forth and notices as amended upon proper hearings and placed in the file of this cause are hereby designated as county roads of Randolph County, Arkansas....
>
> That this Order is Nunc Pro Tunc and shall not [a]ffect any road designated as a road from or after January 1, 1980.
>
> That any road not so shown and not established subsequent to January 1, 1980, is hereby determined to be closed and abandoned by Randolph County as a county road....

By the plain language of the last paragraph above, any road not shown on the notices and not established subsequent to January 1, 1980, is closed and abandoned by the county. Therefore, inasmuch as the road in question was not designated in the file and was established prior to January 1, 1980, it was closed. The general rule is that a judgment is construed as written, and the language of the judgment, as opposed to the reasons for the judgment, is controlling. 50 C.J.S. *Judgment* § 534 (1997).

 We now address the issue of whether the *nunc pro tunc* order entered by a different judge was void. Appellants argue that the county judge in 1990 made no such order and therefore the *nunc pro tunc* order is void. Appellants also argue that the rule on *nunc pro tunc* orders is that such orders can be entered only upon proof that such an order or judgment was in fact made and not entered. *Bobo v. State*, 40 Ark. 224 (1882). While that may be the ruling in *Bobo*, it is irrelevant for purposes of this appeal. If one wants to challenge a county court order, then the proper place to do so is through posttrial motions to that county court or on appeal to the circuit court of that county. Additionally, a judgment cannot be collaterally attacked unless it is void on the face of the record or it is shown that the rendering court lacked subject-matter jurisdiction. *Rowland v. Farm Credit Bank*, 41 Ark. App. 79, 848 S.W.2d 433 (1993). The *nunc pro tunc* order was entered by the county court of Randolph County, and that court is granted the power to make such orders pursuant to Ark. Code Ann. § 14-298-101 (1987). A *nunc pro tunc* order may be entered to make the court's record speak the truth or to show that which actually occurred. *Hansberry v. State*, 318 Ark. 326, 885 S.W.2d 296 (1994). Because the order is not void on its face and the county court had jurisdiction, appellant has not demonstrated that it is void.

The final issue we address is whether the court erred as a matter of law in finding that appellants' access had been terminated by the closing of the road. Appellants state that they are not claiming an easement by necessity nor are they arguing that the fee of the road did not revert to appellees as the adjoining landowners. Appellants argue that, as abutting landowners, they have an independent right, separate from the public's right, to use the road, which was not affected by the vacation or abandonment of the road by the county. Appellants cite *Sevener v. Faulkner*, 253 Ark. 649, 488 S.W.2d 316 (1972), *Flake v. Thompson*, 249 Ark. 713, 460 S.W.2d 789 (1970), and *Paschall v. Valentine*, 321 S.W.2d 568 (Tenn. App. 1958), in support of this argument, and we find this argument persuasive.

■ In *Sevener,* the parties were next-door neighbors. Their homes faced a state highway, and a county road ran between them, thereby affording them access to the state highway. At some point the county discontinued its maintenance of the road. Subsequently, appellant discovered that the former county road was on her property and moved her fence over to include the roadbed, blocking the appellees' access to the state highway. The issue was whether the rights of either litigant were cut off by the passage of time or by abandonment of maintenance by the county. The supreme court followed the general rule that, when a public highway is abandoned, it does not affect the private right of occupants to the use of the abandoned road for purposes of ingress and egress. *Sevener v. Faulkner, supra.*

■ In *Flake v. Thompson, supra,* there was a dispute between property owners and the City of Little Rock, which sought condemnation without just compensation. The chancery court found that the appellant property owners had no right in a purported public easement because the easement was never accepted by city ordinance. The appellants' property abutted the purported easement, and they claimed a right of ingress and egress to and from their property. The supreme court held that the owner of property abutting upon a street has an easement in such street for the purpose of ingress and egress which attaches to his property and in which he has a right of property as fully as in the lot itself. *Id.,* and *see Campbell v. Arkansas State Highway Commission,* 183 Ark. 780, 38 S.W.2d 753 (1931).

■ Appellants also cite *Paschall v. Valentine,* 321 S.W.2d 568 (Tenn. App. 1958), as support for their argument. In *Paschall,* the appellants erected fences across an old road which the county had closed. The appellees claimed a right of ingress and egress as abutting property owners even though they had other access to a new highway. The chancery court said that the appellees had a vested interest in the use of the old road and that the abandonment of the road by the county did not operate to divest them of their rights to use the road. *Id.* The general rule cited in *Paschall* is that an abutting owner has two distinct kinds of rights in a highway: a public right that he enjoys in common with all other citizens and certain private rights that arise from his ownership of property contiguous to the highway and that are not common to the public generally, and this is regardless of whether the fee of the highway is in him or not. *Id.*

■ In the instant case, even though there was a valid road closing and Randolph County no longer has any responsibility for

maintenance, appellants, as abutting property owners, still have a right to use the old road for ingress and egress to their property, and the chancellor erred in finding otherwise.

Affirmed in part; reversed in part.

BIRD and ROAF, JJ., agree.