Opal WRIGHT *v.* CITY of MONTICELLO,
Curt Thomas, Lee Ann Thomas,
and Jeff Reinhart

01-105 47 S.W.3d 851

Supreme Court of Arkansas
Opinion delivered June 28, 2001

*Gibson Law Office*, by: *Charles S. Gibson*, for appellant.

*David Hoffman*, City Attorney, for appellee City of Monticello.

*The Harper Law Office, P.L.L.C.*, by: *Kenneth A. Harper* and *Greg Fallon*, for separate appellees Curt Thomas, Lee Ann Thomas, and Jeff Reinhart.

R AY THORNTON, Justice. The issue presented in this case is whether the City of Monticello can extinguish a private

right-of-way providing Opal Wright a means of ingress and egress to her property by use of a dedicated city street by abandonment or vacation of the street and conveyance of the property to the landowners flanking the street. The chancellor (1) recognized Ms. Wright's property interest in her right-of-way through the street, but concluded that the property rights were subordinate to the City of Monticello's right to control and regulate the use of public streets; (2) dissolved an injunction prohibiting interference with Ms. Wright's property right of ingress and egress; and (3) conveyed the property contained within the boundaries of the public street to the adjoining landowners. We conclude that the trial court erred in extinguishing Ms. Wright's property interest without compensation, and we reverse and remand.

The history of this case began on May 14, 1999, when appellees, Jeff Reinhart, Curt Thomas and Lee Ann Thomas, filed a petition with appellee the City of Monticello [the City] requesting that the city vacate and abandon a portion of Browning Drive. Specifically, appellees sought to have the portion of Browning Drive described as:

> all that unpaved portion of Browning Drive lying north of the paved northerly edge of said Browning Drive and extending to the north boundary line of the said Westwood Estates Subdivision and bounded on the eastern and western boundaries by the eastern and western rights-of-way of said Browning Drive

vacated and abandoned by the City.

The property that appellees sought to have vacated and abandoned runs between property owned by Reinhart and the Thomases, and it also adjoins property owned by appellant, Opal Wright, who was using the dedicated, but unimproved street as a means of access to her property.

On June 24, 1999, the City adopted ordinance number 698, granting appellees's petition, and vacated and abandoned the City's ownership of the land. Ordinance number 698 also vested ownership in the abandoned property in appellees Reinhart and the Thomases.

On July 23, 1999, appellant filed a complaint in the Chancery Court of Drew County seeking to set aside ordinance number 698 because it was not enacted pursuant to Ark. Code Ann. § 14-301-303 (1987). Specifically, appellant argued that because she had not

consented to abandonment and vacation of the property, which abuts her property, the ordinance was invalid. On September 17, 1999, the chancery court entered an injunction prohibiting appellees from interfering with appellant's use of Browning Drive.

On October 28, 1999, the City enacted ordinance number 700 pursuant to Ark. Code Ann. § 14-54-104(2) (Repl. 1998). This statute allows a city to vacate portions of streets which may not be required for corporate purposes. Ordinance number 700, like ordinance number 698, abandoned and vacated the unpaved segment of Browning Drive. The ordinance described the same segment of Browning Drive as was vacated by ordinance number 698. The ordinance stated that the City "finds that such portion of Browning Drive above-described is not used or useful nor required for corporate purposes and the public welfare will not be adversely affected by the abandonment of said portion of Browning Drive." The ordinance also stated in pertinent part "the absolute ownership of said portion of Browning Drive shall vest in Jeff Reinhart, Curt Thomas and Lee Ann Thomas, who are the owners of the property abutting thereon...[.]" The ordinance ignored the earlier injunction entered by the chancellor, which was still in effect on the date ordinance number 700 was adopted, prohibiting interference with appellant's use of Browning Drive.

On December 14, 1999, appellant filed a supplemental complaint in the Drew County Chancery Court. Appellant argued that ordinance number 700 was an unconstitutional taking. Specifically, she argued that the ordinance deprived her of her right of access to her property without compensation. She further argued that the ordinance was oppressive, arbitrary, and capricious. Additionally, she argued that the ordinance was unlawful because it took public property for a private use. Appellant petitioned that ordinance number 700 be invalidated and that a permanent injunction be issued enjoining appellees from denying appellant access to her property.

On January 25, 2000, the chancery court entered an order finding ordinance number 698 not in compliance with Ark. Code Ann. § 14-301-303. The court, upon making this finding, vacated ordinance number 698.

On June 22, 2000, the chancellor dissolved its previous injunction against interference with appellant's use of Browning Drive as a means of ingress and egress. Appellant and appellees filed motions seeking summary judgment. On October 23, 2000, the chancery

court granted appellees's motion for summary judgment. The chancellor found that there were no material issues of fact in dispute and determined that ordinance number 700 was not unreasonable, oppressive, or discriminatory. The chancellor also found that although appellant as an abutting landowner has an established property interest in the property that the City was abandoning, appellant was not entitled to compensation as a result of the ordinance.

In appellant's sole point on appeal, she argues that ordinance number 700 is unconstitutional and therefore, the chancellor erred in granting appellees's request for summary judgment. Specifically, she contends that the ordinance was unconstitutional because her property right of ingress and egress were taken by the City and given to private individuals. She further argues that the actions taken by the City were unconstitutional because she did not receive just compensation. Appellees respond to appellant's contentions by arguing that: (1) appellant lacks standing to challenge the ordinance; (2) the ordinance is valid; and (3) appellant through her pleadings has waived any claim to compensation.

██ ██ The law is well settled that summary judgment is to be granted by a trial court only when it is clear that there are no genuine issues of material fact to be litigated, and the party is entitled to judgment as a matter of law. *Meadors v. Still*, 344 Ark. 307, 40 S.W.3d 294 (2001). On appellate review, we determine if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion leave a material fact unanswered. *Id.*

██ Before we can address the other issues raised in this case, we must first determine whether appellant has standing to challenge the ordinance. We have held that, as a general principle, before a landowner can recover for damage to his property where there has been no actual taking, he must suffer direct and substantial damage peculiar to himself, and not suffered by other members of the public, and this is true, even though he may be actually more inconvenienced than the public in general. *Arkansas State Hwy. Comm'n v. McNeill*, 238 Ark. 244, 381 S.W.2d 425 (1964). We have noted that it is not enough that a landowner show that his damage is different from that suffered by the general public. *Arkansas State Hwy. Comm'n. v. Kesner*, 239 Ark. 270, 388 S.W.2d 905, 388 S.W.2d 905 (1965). He must show that a property right has been invaded, and the fact that the value of his lot has diminished is not, within

itself, sufficient to establish special compensatory damages. *Id*. We have also explained that:

> [U]nder our decisions, the owner of property abutting upon a street or highway has an easement in such street or highway for the purpose of ingress and egress which attaches to his property and in which he has a right of property as fully as in the lot itself; and any subsequent act by which that easement is substantially impaired for the benefit of the public is a damage to the lot itself within the meaning of the constitutional provision for which the owner is entitled to compensation. The reason is that its easement in the street or highway is incident to the lot itself, and any damage, whether by destruction or impairment, is a damage to the property owner and independent of any damage sustained by the public generally.

*Id*. Pursuant to our case law, for a property owner to challenge a governmental action that is not an actual taking of his property, he must suffer damages that are distinct from those suffered by the general public. A property owner whose land abuts the land being taken by the government and who has a property right of egress and ingress through such land suffers a distinct injury not suffered by the general public.

█ Applying these principles to the case now on review, it is clear that appellant has standing to challenge the ordinance. Specifically, appellant owns the property that abuts the portion of Browning Drive that the City has abandoned, vacated, and given to appellees. Appellant used this portion of her property as a means of egress and ingress. Ordinance number 700, as interpreted by the chancellor, denies appellant the use of her easement. Accordingly, because appellant·suffered an injury that is distinct from that suffered by the general public, she has standing to challenge the constitutionality of ordinance number 700.

Having determined that appellant has standing to challenge ordinance number 700, we must next determine whether ordinance number 700 was unconstitutional as interpreted by the chancellor. Ordinance number 700 provided in part:

> The City of Monticello hereby releases, vacates and abandons all its rights, together with the rights of the public generally, in and to the above-described portion of said Browning Drive. The absolute ownership of said abandoned portion of said Browning Drive shall vest in Jeff Reinhart, Curt Thomas, and Leeann Thomas, who are

the owners of the property abutting thereon; and such ownership shall be free from the easement of the City for public use as a street.

■ We have held that every reasonable presumption must be indulged that any ordinance adopted by a city within the scope of its power is valid and not unreasonable or arbitrary, and may be overcome only by clear and satisfactory evidence. *City of Little Rock v. T.H. Linn*, 245 Ark. 260, 432 S.W.2d 455 (1968). However, the interpretation given to ordinance number 700 by the chancellor caused appellant's property right of ingress and egress to be extinguished. The chancellor found:

> Ordinance no. 700 by which the northern end of Browning Drive was again vacated and abandoned was properly enacted pursuant to Ark. Code Ann. § 14-54-104(2), in that the vacated segment of the street was not required for corporate purposes, as found and determined by the Monticello City Council in its discretion;

> The enactment of ordinance no. 700 was not unreasonable, arbitrary, oppressive, or discriminatory, and the control and regulation of traffic upon a public street constitutes a rational basis supporting ordinance no. 700;

> There is in this case no impediment under the property rights and takings provision of the Arkansas Constitution (Art. 2 § 22) *to closure of the segment of Browning Drive providing an access route to plaintiff's abutting land without compensation to her, and in vesting title in the vacated portion of the street in private parties;*

> In the absence of unreasonable, arbitrary, oppressive or discriminatory action, there is no requirement under the constitutional provision cited above that the abandonment of the segment of Browning Drive abutting and providing one means of access to plaintiff's land be employed for public use, nor is there such a requirement that the abandonment and vacation of the street be accomplished with compensation to plaintiff as an abutting landowner, and plaintiff's argument to the contrary is not accepted by the court;

> Although as an abutting landowner *plaintiff has an established property interest in the means of access formerly provided her land by Browning Drive, the same is subordinate to the City of Monticello's right to control and regulate the use of public streets* under the circumstances present in which abandonment of Browning Drive was rationally based, and was neither unreasonable, arbitrary, oppressive nor discriminatory.

(Emphasis added.)

 The ordinance was enacted pursuant to Ark. Code Ann. § 14-54-104(2). That statute in relevant part states:

> In order to better provide for the public welfare, safety, comfort, and convenience of inhabitants of cities of the first class, the following enlarged and additional powers are conferred upon these cities:
>
> * * *
>
> To alter or change the width or extent of streets, sidewalks, alleys, avenues, parks, wharves, and other public grounds, and to vacate or lease out such portions thereof as may not for the time being be required for corporate purposes, and where lands have been acquired or donated to the city for any object or purpose which has become impossible or impracticable to achieve, the lands may be used or devoted for other proper public or corporate purposes or sold by order of the city council and the proceeds applied for public or corporate purposes.

*Id.* We note that nothing in this statute provides that a right of ingress or egress across the property being vacated can be extinguished or taken without compensation[1].

In the present case, the City made a finding that portions of Browning Drive were not used or useful nor were they required for corporate purposes and that public welfare would not be adversely affected by the abandonment of the property. The legislature granted the City the authority to abandon or vacate roads or streets. However, the City exceeded that authority when it enacted ordinance number 700 for the purpose of extinguishing appellant's right of ingress and egress through the vacated street.

 The chancellor erred in approving ordinance number 700 and in dissolving the injunction prohibiting interference with appellant's use of Browning Drive as a means of ingress and egress to her property. In interpreting ordinance 700, the chancellor found that such an extinguishment of appellant's rights was not an "impediment under the property rights and takings provision of the

---

[1] We note that other means are available for use in condemning and taking private property. However, these means have not been employed in this case and because these means have not been pursued, we do not reach the argument of whether appellant waived her right to compensation.

Arkansas Constitution" and that the established property rights belonging to appellant were "subordinate to the City of Monticello's right to control and regulate the use of public streets." These findings were erroneous. Specifically, appellant, as an abutting landowner with a property right of ingress and egress, has an independent right to use Browning Road as a means of accessing her property. We have held that the owner of property abutting upon a street has an easement in such street for the purpose of ingress and egress which attaches to his property and in which he has a right of property as fully as in the lot itself. *Flake v. Thompson, Inc.*, 249 Ark. 713, 460 S.W.2d 789 (1970). We have also noted that this property right is not diminished merely because the property owner has alternative means of ingress and egress. *Id*. Finally, we have held that when a public road is abandoned, it does not affect the private right of the occupants to the use of the abandoned road for purposes of ingress and egress. *Sevener v. Falukner*, 253 Ark. 649, 488 S.W.2d 316 (1973).

This issue was recently discussed by our court of appeals. In *Tweedy v. Counts*, 73 Ark. App. 163, 40 S.W.3d 328 (2001), the court of appeals was asked to determine whether a property owner's right to access his property was terminated when a road was closed by Randolph County. The property owners argued that as abutting landowners, they had an independent right, separate from the public's right, to use the road, which was not affected by the vacation or abandonment of the road by the county. *Id*. The court of appeals noted that as a general rule an abutting landowner has two distinct kinds of rights in a road: a public right that he enjoys in common with all other citizens and certain private rights that arise from his ownership of property contiguous to the highway and that are not common to the public generally, and this is regardless of whether the fee of the road is in him or not. *Id*. (*citing Paschall v. Valentine*, 45 Tenn. App. 131, 321 S.W.2d 568 (1958)). Relying on this principle and our holdings in *Sevener, supra*, and *Flake, supra*, the court of appeals held:

> even though there was a valid road closing and Randolph County no longer has any responsibility for maintenance, appellants, as abutting property owners, still have a right to use the old road for ingress and egress to their property.

*Tweedy, supra*.

Applying the principles set out in *Sevener, supra,* and *Tweedy, supra,* we hold that the chancellor erred when he interpreted and approved ordinance number 700 as extinguishing appellant's right of ingress and egress to her property by way of Browning Drive. Specifically, because appellant is an abutting landowner who has established a right-of-way to use Browning Drive as a means of ingress and egress, her right to continue to use that right-of-way could not be legally extinguished by the City's adoption of ordinance number 700. As interpreted by the chancellor, the ordinance exceeded the scope of Ark. Code Ann. § 14-54-104(2). The City may abandon or vacate the public use of a street, but it may not extinguish without compensation appellant's property right of ingress and egress. Accordingly, we reverse the chancellor and remand this matter for further proceedings consistent with this opinion.

Reversed and remanded.