Ruby MURPHY, Juanita Sandusky, Meramec Specialty Company *v.*
CITY OF WEST MEMPHIS, The American Fireworks Company, Inc.

02–990                                          100 S.W.3d 221

Supreme Court of Arkansas
Opinion delivered March 20, 2003

*Clint Saxton; Bill Bristow;* and *Chris A. Averitt,* for appellants.

*Thomas N. Kieklak,* for appellee City of West Memphis.

*Jeffrey L. Singleton,* for appellee American Fireworks.

W H. "DUB" ARNOLD, Chief Justice. This is an appeal involving the enactment of zoning ordinances. Appellants challenge four West Memphis city ordinances passed by the West Memphis City Council that allow certain businesses to purchase licenses to engage in the sale of fireworks in West Memphis, Arkansas. The trial court found that the agreement between American Fireworks and the City of West Memphis did not bind the West Memphis City Council to rezone. The trial court also found that the City of West Memphis had gone through a bona fide procedure in passing the subject ordinances. We affirm.

*Facts*

Appellants, Ruby Murphy and Juanita Sandusky, filed a lawsuit against appellee, City of West Memphis (hereinafter "City of West Memphis"), as interested property owners. Appellant Meramec Specialty Company (hereinafter "Meramec"), filed as an entity with a leasehold interest in property located in West Memphis, Arkansas. Meramec sells fireworks from leased property. Meramec has been operating a firework stand at its present location since 1975, located

first in the county limits, and later in the West Memphis city limits. Meramec's traditional sales location was originally located outside the city limits of West Memphis. However, the area was eventually annexed into the city limits in 1992.

Initially, the applicable city fire code prohibited the sale of fireworks. At the time its location was annexed into the city limits of West Memphis, Meramec was "grandfathered in" and allowed to continue its sale of fireworks. Subsequently, the fire code was amended and the altered version contained no prohibition of the sale of fireworks.

Through the years, appellee American Fireworks Company (hereinafter "American Fireworks"), a competitor of Meramec has unsuccessfully attempted to obtain the right to sell fireworks in West Memphis. On July 21, 1999, the City of West Memphis passed an ordinance which made the sale of fireworks illegal within the city limits. This prohibition did not apply to Meramec. In an attempt to obtain the right to sell fireworks in West Memphis, American Fireworks sought redress through various governing authorities controlling land use within the city to obtain the appropriate rezoning to allow for it to operate in the area of Mound City Road in West Memphis; however, each attempt was denied.

On October 12, 1999, American Fireworks sued the City of West Memphis, and other individuals in the United States District Court for the Eastern District of Arkansas. In that lawsuit, the City of West Memphis argued that it did not want any company to be allowed to sell fireworks in West Memphis and only allowed Meramec to sell fireworks due to its grandfathered status. The City of West Memphis defended the lawsuit on the basis that the requested zoning was not proper for health and safety concerns. Also within that lawsuit, American Fireworks alleged various violations to its rights guaranteed by the Constitution of the United States, as well as violations of the Sherman Anti-trust Act. In this lawsuit, the City of West Memphis consistently argued that it was against the law to sell fireworks in the City of West Memphis; that the outlawing of fireworks was a valid use of the city's police power; and, that the location American Fireworks desired was not properly zoned for the sale of fireworks.

On February 16, 2000, American Fireworks' attorney wrote the City of West Memphis's attorney and offered to settle the fed-

eral litigation by promising to dismiss the lawsuit on behalf of American Fireworks in exchange for the approval to sell fireworks at American Fireworks' location on Mound City Road on or before April 1, 2000, with the demand that American Fireworks be regulated in the same manner as any other firework vendor in West Memphis.

After American Fireworks and the City of West Memphis reached the tentative settlement agreement, a secondary issue arose as to whether appellant Meramec would be limited to its one location. In a May 12, 2000, letter, American Fireworks' attorney informed United States District Judge Bill Wilson that the settlement between American Fireworks and the City of West Memphis had "fallen through." Subsequently, American Fireworks' attorney wrote letters to the City's attorney on May 11, 2000, and May 26, 2000, and advanced his understanding of the settlement agreement which he believed had fallen through.

On June 15, 2000, the West Memphis City Council passed a series of ordinances which permitted the sale of fireworks within a certain area of the city of West Memphis. Specifically, the West Memphis City Council passed ordinance number 1942 which created a zoning classification allowing for firework sales within an area zoned under that classification. It also passed ordinance number 1943, which rezoned the land lying in the area of Mound City Road in West Memphis to the zoning classification allowing for the sale of fireworks within that area. In addition, the City Council also passed ordinance number 1944, which elevated the building/tent permit fee for businesses engaged in the sale of fireworks to $2,500.00 per location.

At the City Council meeting on June 15, 2000, when the rezoning ordinances were passed, representatives of interested parties were in attendance. At that time, while arguments were being held in the course of the "precouncil" meeting, American Fireworks agreed to dismiss its federal lawsuit, if the West Memphis City Council voted in favor of the ordinances rezoning the Mound City Road area to allow for the sale of fireworks. An attorney was also present on behalf of Meramec, and he did not object to the passage of the ordinances to rezone, namely ordinances 1942 and 1943; however, Meramec's attorney did voice an objection to ordinance number 1944, which increased the building/tent permit fee.

     ·  At the meeting, the Mayor of West Memphis specifically indicated that he wanted the record to reflect that the passage of these ordinances would finalize the settlement of the pending litigation. The emergency clauses for each of the ordinances specifically reflect that the ordinances were passed to settle the pending litigation in federal court. On July 11, 2000, a joint motion to dismiss was filed in the federal court case; and, on July 13, 2000, an order was entered dismissing the action with prejudice.

     Appellants initiated this action against the City of West Memphis in Crittenden County Circuit Court challenging the validity of ordinances numbers 1933, 1942, 1943 and 1944 (hereinafter referred to collectively as "challenged ordinances"), which appellants argue were the result of illegal contract zoning. Subsequently, American Fireworks was allowed to intervene in the action. ·

     On March 20, 2001, appellants filed a motion for summary judgment. In their motion for summary judgment, appellants argued that this case involves the following undisputed facts: (1) West Memphis had a long standing policy against the sale of fireworks within the city limits; (2) Up through 1999, American Fireworks made efforts to sell fireworks with the West Memphis city limits without success; (3) West Memphis rejected American Fireworks' attempts to sell fireworks because the request did not comply with the zoning ordinance and because the sale of fireworks in West Memphis was prohibited due to concerns for public health, safety and welfare; and (4) The passage of the four challenged ordinances was the direct result of an agreement reached between West Memphis and American Fireworks. This motion was supported by several exhibits any of which were ultimately introduced at the bench trial.

     In considering appellants' motion, the trial court determined that the only reason the city relented to American Fireworks' demands was to settle the federal lawsuit. However, the trial court also ruled that such a settlement can be upheld as long as the city went through a bona fide procedure in the rezoning process. Following this ruling the trial court conducted a bench trial on the merits.

     Following a trial on the merits, the parties submitted extensive posttrial briefs. After reviewing all the evidence, the trial court found that the City of West Memphis had gone through a bona fide procedure in the rezoning process and that, although the

evidence demonstrated a predetermined decision to rezone, the mayor and the city council members were not shown to have specifically been bound by the settlement agreement and the attorney for the City of West Memphis was not shown to have had the authority to commit the city to such action in entering into the settlement agreement. In other words, the trial court found that there was no showing that the agreement with American Fireworks bound the City Council members or the Planning Commission or that the rezoning process had been a sham. The trial court also found that, while initially the settlement agreement was rough and informal, the agreement was finalized at the precouncil meeting. The trial court also found that the precouncil meeting was open to the public and that the council was theoretically open to objections.

It is from that ruling that appellants bring this appeal arguing two points on appeal: (1) whether the trial court erred in ruling that the subject zoning ordinances, which were the result of a contract to rezone, could be upheld under any circumstances; and, (2) whether the trial court erred in ruling that the subject zoning ordinances, which were the result of a contract to rezone, should be upheld under the present circumstances. We affirm and hold that the trial court was not clearly erroneous in ruling that the city council followed a bona fide procedure in enacting the challenged ordinances. Therefore, we do not reach the argument of the legality of contract zoning.

### Standard of Review

In bench trials, the standard of review on appeal is whether the judge's findings were clearly erroneous or clearly against the preponderance of the evidence. *Foundation Telecommunications, Inc. v. Moe Studio, Inc.*, 341 Ark. 231, 16 S.W.3d 531 (2000); *Neal v. Hollingsworth*, 338 Ark. 251, 992 S.W.2d 771 (1999). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court, when considering all of the evidence, is left with a definite and firm conviction that a mistake has been committed. *Neal, supra.* This court views the evidence in a light most favorable to the appellee, resolving all inferences in favor of the appellee. *Arkansas Transit Homes, Inc. v. Aetna Life & Cas.*, 341 Ark. 317, 16 S.W.3d 545 (2000). However, a trial court's conclusion on a question of law is given no

deference on appeal. *Kelly v. Kelly*, 341 Ark. 596, 19 S.W.3d 1 (2000); *City of Lowell v. M & N Mobile Home Park, Inc.*, 323 Ark. 332, 916 S.W.2d 95 (1996).

■ ■ Additionally, in reviewing cases involving legislative enactments such as zoning ordinances, there is a strong presumption that the legislative branch acted in a reasonable manner, and the burden is on the moving party to prove that the enactment was arbitrary or unreasonable. *City of Little Rock v. Breeding*, 273 Ark. 437, 619 S.W.2d 664 (1981). In cases challenging the validity of an ordinance, the plaintiff's burden of proof is elevated, and there must be clear and satisfactory proof that the ordinance is unreasonable and arbitrary. *Wright v. City of Monticello*, 345 Ark. 420, 47 S.W.3d 851 (2001). Every reasonable presumption is to be afforded to the municipal authority in support of the legality of the ordinance. *City of Little Rock v. T.H. Linn*, 245 Ark. 260, 432 S.W.2d 455 (1968). Because of this presumption, one who challenges the validity of an ordinance, alleging it to be arbitrary, discriminatory, or unreasonable, should make it so appear by clear and satisfactory evidence. *Wright, supra*; *City of Fort Smith v. Van Zandt*, 197 Ark. 91, 122 S.W.2d 187 (1938).

### Bona Fide Procedure

Although alleged to be the result of contract zoning, the trial court did not err in finding that the actions of the West Memphis city government in enacting the challenged ordinances followed a bona fide procedure. In its letter opinion, the trial court held:

> Here, the Court has to conclude that there is no showing that the planning commission meeting of May 31, 2000, or the city council and pre-council meeting of June 15, 2000, can be said to be a sham, or pre-textual. There is no showing that the council had closed its mind to other voices. A city has the right to settle a lawsuit, and that is all that transpired here, The complaint will be dismissed.

Appellants argue that the sole basis for the enactment of the subject ordinances was the supposed contract entered into between the City of West Memphis and American Fireworks. Appellants contend that the reason for the enactment of the ordinances was to settle the federal litigation, which would make it contract zoning.

█ The legality of contract zoning is an issue of first impression in the State of Arkansas. However, other jurisdictions have examined contract zoning and found that contracts rezone are not prohibited; but, other jurisdictions have held in the exercise of its governmental function, a city cannot legislate by contract. The term "contract zoning" refers to an agreement between a property owner and a local government where the owner agrees to certain conditions in return for the government's rezoning or enforceable promise to rezone. *Chung v. Sarasota County*, 686 So.2d 1358 (Fla. 2d Dist. Ct. App. 1996). Here, the trial court was correct in finding that American Fireworks and the City of West Memphis had not entered into any type of binding agreement to settle the federal litigation until the city council meeting. The agreement was only finalized after the city council passed the challenged ordinances, not before.

█ However, at no point in the trial court's ruling does it hold that contract zoning occurred in this case. Rather, the trial court engages in a brief analysis of the principles of contract-zoning law as described in cases from other jurisdictions, concluding that none of the circumstances which traditionally give rise to a finding of contract zoning was present in the instant case. Therefore, the question of the legality of contract zoning in the State of Arkansas is not an issue that need be addressed by this court in the instant appeal.

Here, the trial court correctly ruled that the challenged ordinances could be upheld under the facts of the instant case. There is a strong presumption of the validity of ordinances enacted in this state. Because of this presumption, one who challenges the validity of an ordinance, alleging it to be arbitrary, discriminatory, or unreasonable, should make it so appear by clear and satisfactory evidence. *City of Forth Smith v. Can Zandt*, 197 Ark. 91, 122 S.W.2d 187 (1938; See also, *Wright v. City of Monticello*, 345 Ark. 420, 47 S.W.3d 851 (2000). Appellants argue that the trial court erred in finding that the City of West Memphis followed a bona fide rezoning procedure in enacting the subject ordinances. Appellants contend that one of the reasons contract zoning is generally rejected is because the legislative power to enact and amend zoning regulations requires due process, notice, and hearings. Appellants assert that City Council made its decision to rezone

prior to the City Council's public hearing. Thus, any process following the agreement to rezone was merely a sham.

However, appellants have failed to make any showing that the legislative process was replaced by a contract to rezone. The trial court specifically found that the pre-council and city council meeting on June 15, 2000, were not pretextual. Rather, the public hearing provided a bona fide due process protection with respect to the enactment of the instant ordinances.

Sara Voye, who was called to testify by appellants, testified that the notice of the Planning Commission meeting on May 31, 2000, was published in the newspaper, and that the meeting was open to the public. She also testified that the precouncil meeting conducted on June 15, 2000, was open to the public. In fact, Voye confirmed that it is during the precouncil meetings that the city council normally entertains argument. She also stated that the pre-council meeting is considered part of the council meeting.

In addition, the "Agreed Stipulations" executed by the attorneys for the City of West Memphis state, "All proper notice and public hearing and reading requirements were met concerning each of the ordinances which are the subject of this litigation." Also, appellants had counsel in attendance at the June 15, 2000, city council meeting. Despite this presence, there was no objection to the ordinances dealing with rezoning, by appellants' counsel, or anyone else. Considering this proof, appellants' contention that the meeting was *pro forma* or a sham is at odds with the greater weight of the evidence.

■    Therefore, appellants have not overcome the strong presumption of legality or proven that enactment of the challenged ordinances was arbitrary or unreasonable. The city council meeting was open to the public and proper notice of such was given. The trial court found that the City of West Memphis followed the proper procedure in enacting the challenged ordinances. This court has not been left with a definite and firm conviction that a mistake his been committed by the trial court. Because the City of West Memphis followed a bona fide procedure, this court need not address the legality of contract zoning at this time.

Affirmed.

CORBIN AND IMBER, JJ., not participating.